## UNITED STATES *v.* COOK.

1. Where a statute defining an offence contains an exception, in the enacting clause of the statute, which is so incorporated with the language defining the offence, that the ingredients of the offence cannot be accurately and clearly described if the exception is omitted, an indictment founded upon the statute must allege enough to show that the accused is not within the exception. But if the language of the section defining the offence is so entirely separable from the exception, that the ingredients constituting the offence may be accurately and clearly defined without any reference to the exception, the indictment may omit any such reference. The matter contained in the exception is matter of defence, and to be shown by the accused.

2. No exception or proviso of any kind is contained in the act of Congress of August 6th, 1846 (9 Stat. at Large, 63), making a paymaster in the army who embezzles public money, guilty of felony.

3. Therefore, a statute of limitations cannot be taken advantage of by demurrer.

4. The 32d section of the act of April 30th, 1790 (sometimes called the Crimes Act), enacts the only limitation applicable to the offence of a paymaster of the army, indicted for embezzling the public money.

ON certificate of division of opinion of the judges of the Circuit Court for the Southern District of Ohio; the case being thus:

The 16th section of the act of August 6th, 1846,* enacts:

" That all officers and other persons charged . . . with the safe-keeping, transfer, and disbursement of the public moneys . . . are hereby required to keep an accurate entry of each sum received, and of each payment or transfer; and that if any one of said officers . . . shall convert to his own use . . . any portion of the public moneys intrusted to him for safe-keeping, disbursement, or transfer, . . . every such act shall be deemed to be an embezzlement of so much of the said moneys as shall be thus . . . converted, . . . which is hereby declared a felony; . . . and any officer or agent of the United States convicted thereof shall be sentenced to imprisonment for a term of not less than six months, nor more than ten years, and to a fine equal to the amount of the money embezzled."

---

* 9 Stat. at Large, 63.

The 32d section of an act of April 30th, 1790,* entitled "An act for the punishment of certain crimes against the United States," thus enacts:

"No person shall be *prosecuted, tried,* or *punished* for any offence not capital, unless the indictment or information for the same shall be found or instituted within *two years* from the time of committing the offence, &c. *Provided* that nothing herein contained shall extend to any person or persons fleeing from justice."

The 3d section of an act of 1804,† entitled "An act in addition to the act entitled," &c. (as above), thus further enacts:

"Any person or persons guilty of any crime arising under the *revenue laws* of the United States . . ; may be prosecuted, tried, and punished, provided the indictment . . . be found *at any time within five years after committing the offence,* any law or provision to the contrary notwithstanding."

These statutes being in force, one Cook was indicted in the court below at October Term, 1864, for the embezzlement of funds held by him as paymaster in the army of the United States.

The indictment was filed on the 1st of November, 1864; and the first five counts charged acts of embezzlement on the 1st of May, the 6th of July, the 15th of October, the 12th of September, and the 20th of September, in the year 1862.

The defendant demurred to these counts, because it appeared upon the face of them, severally, that the crime charged was committed more than two years before the finding and filing of the indictment, and that the prosecution therefor was, before the finding and filing of the indictment, barred by the statute in such cases made and provided.

Three questions now arose on which the judges were opposed in opinion, and which they accordingly certified for answers by this court:

*First.* Whether it was competent for the defendant to take

---

* 1 Stat. at Large, 119.                    † 2 Id. 290.

exception, by demurrer, to the sufficiency of the first five counts of the indictment for the causes assigned.

*Second.* Whether the said five counts, or either of them, allege or charge, upon their face, any crime or offence against the defendant for which he is liable in law to be put upon trial, convicted, and punished.*

*Third.* Whether the 32d section of the act of 1790, sometimes called the Crimes Act, applied to the case, and limited the time within which an indictment must be found for such an offence, or whether in regard to the period of limitation, within which an indictment was to be found, the case was governed by the act of 1804, or any other act limiting the prosecution of offences charged in the said five counts.

*Messrs. Hunter, Kebler, and Whitman, for the prisoner:*

1. *The demurrer should be sustained.*

In all prosecutions for crime, the indictment must, upon its face, show that the defendant is charged with a crime. He is called to answer to the charge alleged against him, and to *nothing else.* And it follows if the indictment upon which a party is charged, do not, upon its face, in terms, embody a charge of crime, it is the duty of the court, at any stage of the prosecution, and in any form whatever in which the want of such charge or allegation shall be brought to its notice, to desist from further exercising its jurisdiction over the defendant. This defect of the indictment may be shown, on motion to quash, or on demurrer, or it may be noted by the court, *suâ sponte.* On principle the inability of the court to proceed extends to all classes of defects, whether in the substance of the act alleged as crime, not being such in law; or by reason of exemption of the defendant, by law, from prosecution under the facts alleged against him. It is not the *fact,* but the *allegation—the charge in the indictment,* that gives jurisdiction. If, taking the fact as charged, no crime

---

* Both of these questions were presented in the record as one, but as this court in its consideration of the matter divided the question into two parts, it is so here divided.

Restatement of the case in the opinion.

for which the defendant is liable, under the law, to be prosecuted, tried, and punished is charged, does it matter what the reason is?

There is, no doubt, some diversity of opinion on the subject, in criminal practice, in respect to the *manner* in which this defence of limitation may be taken advantage of, but there surely need not be any delicacy or hesitation about requiring the prosecution, *primâ facie*, to bring itself by proper allegations within the law, so far as to show a *primâ facie* case of crime, legally punishable under the law. Numerous cases,* including *Commonwealth* v. *Ruffner*,† and *Hatwood* v. *The State*,‡ affirm this view.

2. *The limitation of the act of* 1790, *and not that of the act of* 1804, *or any other, governs the case.*

A paymaster, or an additional paymaster in the army, intrusted with the funds of the government to be disbursed in the time of war, in the payment of the soldiers in the field, is not in any proper sense, or in any recognized acceptation of terms, in their practical or legal sense, a revenue officer.

*Mr. G. H. Williams, Attorney-General, and Mr. C. H. Hill, Assistant Attorney-General, contra.*

Mr. Justice CLIFFORD delivered the opinion of the court.

Officers and other persons charged with the safe-keeping, transfer, and disbursement of the public moneys, are required by an act of Congress to keep an accurate entry of each sum received, and of each payment or transfer; and the sixteenth section of the same act provides that if any one of the said officers shall convert to his own use, in any way whatever, any portion of the public moneys, intrusted to him for safe-keeping, disbursement, or transfer, or for any other purpose, every such act shall be deemed and adjudged to be embezzlement of so much of the public moneys as

---

* State *v.* Bryan, 19 Louisiana Annual, 435; United States *v* Watkins, 3 Cranch's Circuit Court, 441, 442, 550; People *v.* Miller, 12 California, 291; McLane *v.* State, 4 Georgia, 335; People *v.* Santvoord, 9 Cowan, 655.

† 28 Pennsylvania State, 259.     ‡ 18 Indiana, 492.

shall be thus taken and converted, which is therein declared to be a felony; and the same section also provides, that all persons advising or participating in such act, being convicted thereof before any court of the United States of competent jurisdiction, shall be punished as therein provided.*

Founded on that provision, the indictment in this case contained six counts, charging that the defendant, as paymaster in the army, had in his custody for safe-keeping and disbursement, a large sum of public money, intrusted to him in his official character as an additional paymaster in the army, and that he, on the respective days therein alleged, did unlawfully, knowingly, and feloniously embezzle and convert the same to his own use. Such conversion is alleged in the first count, on the 1st of May, 1862, in the second on the 6th of July, in the third on the 16th of October, in the fourth on the 12th of September, in the fifth on the 20th of September, and in the sixth on the 15th of November, all in the same year. Service was made, and the defendant appeared and demurred to the first five counts, showing for cause, that it appears on the face of the indictment, and by the allegations of the said several counts, that the crime charged against him was committed more than two years before the indictment was found, and filed in court.

Three questions were presented by the demurrer for the decision of the court, upon which the opinions of the judges were opposed, in substance and effect as follows: (1.) Whether it was competent for the defendant to take exception, by demurrer, to the sufficiency of the first five counts of the indictment for the causes assigned. (2.) Whether the said five counts, or either of them, allege or charge, upon their face, any crime or offence against the defendant for which he is liable in law to be put upon trial, convicted, and punished. Both of those questions are presented in the record as one, but inasmuch as the answers to them must be different, it is more convenient to divide the question into two parts. (3.) Whether the thirty-second section of the Crimes

---

* 9 Stat. at Large, 63.

Act applies to the case, and limits the time within which an indictment must be found for such an offence.*

Forgery of public securities was made a capital felony by that act, as well as treason, piracy, and murder, and the thirty-second section of the act provides that no person shall be prosecuted, tried, or punished for treason or other capital felony, wilful murder or forgery excepted, unless the indictment for the same shall be found by the grand jury within three years next after the treason or capital offence shall be done or committed.†

Provision is also made by the succeeding clause of the same section, that no person shall be prosecuted, tried, or punished for any offence, not capital, unless the indictment for the same shall be found within two years from the time of committing the offence. Fines and penalties, under any penal statute, were also included in the same limitation, but that part of the clause having been superseded by a subsequent enactment, it is omitted.‡

Appended to the thirty-second section, enacting the limitation under consideration, is the following proviso: *Provided* that nothing herein contained shall extend to any person or persons fleeing from justice.§

Where a statute defining an offence contains an exception, in the enacting clause of the statute, which is so incorporated with the language defining the offence that the ingredients of the offence cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded upon the statute must allege enough to show that the accused is not within the exception, but if the language of the section defining the offence is so entirely separable from the exception that the ingredients constituting the offence may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained

---

\* 1 Stat. at Large, 119.                    † Ib.

‡ 5 Id. 322; Stimpson *v.* Pond, 2 Curtis, 502.

§ 1 Stat. at Large, 119.

in the exception is matter of defence and must be shown by the accused.*

Offences created by statute, as well as offences at common law, must be accurately and clearly described in an indictment, and if they cannot be, in any case, without an allegation that the accused is not within an exception contained in the statute defining the offence, it is clear that no indictment founded upon the statute can be a good one which does not contain such an allegation, as it is universally true that no indictment is sufficient if it does not accurately and clearly allege all the ingredients of which the offence is composed.†

With rare exceptions, offences consist of more than one ingredient, and in some cases of many, and the rule is universal that every ingredient of which the offence is composed must be accurately and clearly alleged in the indictment, or the indictment will be bad, and may be quashed on motion, or the judgment may be arrested, or be reversed on error.‡

Text-writers and courts of justice have sometimes said, that if the exception is in the enacting clause, the party pleading must show that the accused is not within the exception, but where the exception is in a subsequent section or statute, that the matter contained in the exception is matter of defence and must be shown by the accused. Undoubtedly that rule will frequently hold good, and in many cases prove to be a safe guide in pleading, but it is clear that it is not a universal criterion, as the words of the statute defining the offence may be so entirely separable from the exception that all the ingredients constituting the offence may be accurately and clearly alleged without any reference to the exception.§

Cases have also arisen, and others may readily be sup-

---

* Steel *v.* Smith, 1 Barnewall & Alderson, 99 ; Archbold's Criminal Pleading, 15th ed. 54.

† Rex *v.* Mason, 2 Term, 581.

‡ Archbold's Criminal Pleading, 15th ed. 54.

§ Commonwealth *v.* Hart, 11 Cushing, 132.

posed, where the exception, though in a subsequent clause or section, or even in a subsequent statute, is nevertheless clothed in such language, and is so incorporated as an amendment with the words antecedently employed to define the offence, that it would be impossible to frame the actual statutory charge in the form of an indictment with accuracy, and the required certainty, without an allegation showing that the accused was not within the exception contained in the subsequent clause, section, or statute. Obviously such an exception must be pleaded, as otherwise the indictment would not present the actual statutory accusation, and would also be defective for the want of clearness and certainty.*

Support to these views is found in many cases where the precise point was well considered. Much consideration was given to the subject in the case of *Commonwealth* v. *Hart*,† where it is said that the rule of pleading a statute which contains an exception is the same as that applied in pleading a private instrument of contract, that if such an instrument contains in it, first, a general clause, and afterwards a separate and distinct clause which has the effect of taking out of the general clause something that otherwise would be included in it, a party relying upon the general clause in pleading, may set out that clause only, without noticing the separate and distinct clause which operates as an exception, but *if the exception itself is incorporated in the general clause* then the party relying on "the general clause must, in pleading, state the general clause together with the exception," which appears to be correct, but the reasons assigned for the alternative branch of the rule are not quite satisfactory, as they appear to overlook the important fact in the supposed case that the exception itself is supposed to be incorporated in the general clause.

Where the exception itself is incorporated in the general clause, as is supposed in the alternative rule there laid down, then it is correct to say, whether speaking of a statute or

---

* State *v.* Abbey, 29 Vermont, 66; 1 Bishop's Criminal Proceedings, 2d ed., § 639, n. 3.

† 11 Cushing, 180.

private contract, that unless the exception in the general clause is negatived in pleading the clause, no offence, or no cause of action, will appear in the indictment or declaration when compared with the statute or contract, but when the exception or proviso is in a subsequent substantive clause, the case contemplated in the enacting or general clause may be fully stated without negativing the exception or proviso, as a *primâ facie* case is stated, and it is for the party for whom matter of excuse is furnished by the statute or contract to bring it forward in his defence.

Commentators and judges have sometimes been led into error by supposing that the words "enacting clause," as frequently employed, mean the section of the statute defining the offence, as contradistinguished from a subsequent section in the same statute, which is a misapprehension of the term, as the only real question in the case is whether the exception is so incorporated with the substance of the clause defining the offence as to constitute a material part of the description of the acts, omission, or other ingredients which constitute the offence. Such an offence must be accurately and clearly described, and if the exception is so incorporated with the clause describing the offence that it becomes in fact a part of the description, then it cannot be omitted in the pleading, but if it is not so incorporated with the clause defining the offence as to become a material part of the definition of the offence, then it is matter of defence and must be shown by the other party, though it be in the same section or even in the succeeding sentence.*

Both branches of the rule are correctly stated in the case of *Steel* v. *Smith*,† which was a suit for a penalty, and may perhaps be regarded as the leading case upon the subject. Separate opinions were given by the judges, but they were unanimous in the conclusion, which is stated as follows by the reporter : " Where an act of Parliament in the enacting

---

* 2 Leading Criminal Cases, 2d ed. 12; Vavasour *v.* Ormrod, 9 Dowling & Ryland, 599; Spieres *v.* Parker, 1 Term, 141; Commonwealth *v.* Bean 14 Gray, 53; 1 Starkie's Criminal Pleading, 246.

† 1 Barnewall & Alderson, 99.

clause creates an offence and gives a penalty, and in the same section there follows a proviso containing an exemption *which is not incorporated in the enacting, clause by any words of reference*, it is not necessary for the plaintiff in suing for the penalty to negative such proviso in his declaration." All of the judges concurred in that view, and Bayley, J., remarked that where there is an exception so incorporated with the enacting clause that the one cannot be read without the other, there the exception must be negatived.

Doubtless there is a technical distinction between an exception and a proviso, as an exception ought to be of that which would otherwise be included in the category from which it is excepted, and the office of a proviso is either to except something from the enacting clause or to qualify or restrain its generality, or to exclude some ground of misinterpretation of it, as extending to cases not intended to be brought within its operation, but there are a great many examples where the distinction is disregarded and where the words are used as if they were of the same signification.*

Few better guides upon the general subject can be found than the one given at a very early period, by Treby, C. J., in *Jones* v. *Axen*,† in which he said, the difference is that where an exception is incorporated in the body of the clause he who pleads the clause ought also to plead the exception, but when there is a clause for the benefit of the pleader, and afterwards follows a proviso which is against him, he shall plead the clause and leave it to the adversary to show the proviso; which is substantially the same rule in both its branches as that given at a much more recent period in the case of *Steel* v. *Smith*, which received the unanimous concurrence of the judges of the court by which it was promulgated.

Apply those rules to the case before the court, and all difficulty is removed in answering the questions for decision. Neither an exception nor a proviso of any kind is contained

---

* Gurly *v.* Gurly, 8 Clarke & Finelly, 764; Minis *v.* United States, 15 Peters, 445; Stephen on Pleading, 9th Am. ed. 443.

† 1 Lord Raymond, 120.

in the act of Congress defining the offence, and every ingredient of the offence therein defined is accurately and clearly described in the indictment. Nothing different is pretended by the defendant, but the contention is that the demurrer does not admit the force and effect of these allegations, because another act of Congress provides that no person shall be·prosecuted, tried, or convicted of the offence unless the indictment for the same shall be found within two years from the time of committing the offence.

Argument to show that a demurrer to an indictment admits every matter of fact which is well pleaded is unnecessary, as the proposition is not denied, and inasmuch as the offence is well alleged in each of the counts to which the demurrer applies, it is difficult to see upon what ground it can be contended that the defendant may, by demurrer, set up the statute of limitations as a defence, it appearing beyond all doubt that the act defining the offence contains neither an exception nor a proviso of any kind.

Tested by the principles herein suggested it is quite clear that such a theory cannot be supported, but it must be admitted that decided cases are referred to which not only countenance that view, but adjudge it to be correct. Some of the cases, however, admit that the judgment cannot be arrested for such a defect, if it appears that the statute of limitations contains any exception, as the presumption in that state of the case would be that evidence was introduced at the trial which brought the defendant within some one of the exceptions.*

Obviously the supposed error, if it be one, could not be corrected by a motion in arrest, for the reason suggested in those cases, and it is quite as difficult to understand the reason of the rule which affirms that a demurrer will work any such result, as it cannot be admitted that a demurrer is a proper pleading where it will have the effect to shut out evidence properly admissible under the general issue to re-

---

* State *v.* Hobbs, 39 Maine, 212; People *v.* Santvoord, 9 Cowen, 660; State *v.* Rust, 8 Blackford, 195.

but the presumption of the supposed defect it was filed .to correct.

Suppose that is so, then it clearly follows that the demurrer ought not to be sustained in this case, as the statute of limitations in question contains an exception, and it may be that the prosecutor, if the defendant is put to trial. under the general issue, will be able to introduce evidence to show that he, the defendant, is within that exception.     Although the reasons given for that conclusion appear to be persuasive and convincing, still it is true that there are decided cases which support the opposite rule and which affirm that the prosecutor must so frame the indictment. as to bring the offence within the period specified in the statute. of limitations, or the defendant may demur, move in arrest of judgment, or bring error.*

Sometimes it is argued that the case of *Commonwealth* v. *Ruffner*,† and *Hatwood* v. *The State*,‡ adopt the same rule, but it is clear that neither of those cases supports any. such proposition.    Instead of that they both decide that it is not necessary to plead the statute of limitations in criminal cases; that the defendant may give it in evidence. under the general issue, which undoubtedly is correct, as it affords the prosecutor an opportunity, where the statute contains exceptions, to introduce rebutting evidence and bring the defendant within one of the exceptions.

Accused persons may avail themselves of the statute of limitations by special plea or by evidence under the general issue, but courts of justice, if the statute contains exceptions, will not quash an indictment because it appears upon its face that it was not found within the period prescribed in the limitation, as such a proceeding. would deprive the prosecutor of the right to reply or give evidence, as the case may be, that the defendant fled from justice and was within

* State .*v.* Bryan, 19 Louisiana Annual, 435; United States *v.* Watkins, 3 Cranch, Circuit Court, 550; People *v.* Miller, 12 California, 294; McLane *v.* The State, 4 Georgia, 340.

† 28 Pennsylvania State, 260.                    ‡ 18 Indiana, 492.

the exception.* Nor is it admitted that any different rule would apply in the case even if the statute of limitations did not contain any exception, as time is not of the essence of the offence; and also for the reason that the effect of the demurrer, if sustained, would be to preclude the prosecutor from giving evidence, as he would have a right to do, under the general issue, to show that the offence was committed within two years next before the indictment was found and filed.

Examples are given by commentators which serve to illustrate the general doctrine even better than some judicial opinions. No mariner, it was enacted, who was serving on board any privateer employed in certain British colonies, should be liable to be impressed unless it appeared that he had previously deserted from an English ship of war, and the act provided that any officer who should impress such a mariner should be liable to a penalty of fifty dollars. Judgment was arrested in an action brought for the penalty there imposed, because the declaration did not allege that the mariner had not previously deserted, as that circumstance entered into the very description of the offence and constituted a part of the transaction made penal by the statute.†

Labor and travelling on the Lord's day, except from necessity and charity, are forbidden in some States by statute, which also furnishes an example where the exception is a constituent part of the offence; as it is not labor and travelling, merely, which are prohibited, but *unnecessary* labor and travelling, or labor and travelling *not required for charity*.‡

Innkeepers are also prohibited by statute, in some jurisdictions, to entertain on the Lord's day, persons, not lodgers in the inn, if resident in the town where the inn is kept, and an indictment founded on that statute was held to be bad, because it did not aver that the persons entertained

---

* United States *v.* White, 5 Cranch, Circuit Court, 60; State *v.* Howard, 15 Richardson (South Carolina), 282.

† Spieres *v.* Parker, 1 Term, 141.

‡ State *v.* Barker, 18 Vermont, 195.

were not lodgers, as it is clear that that circumstance was an ingredient of the offence.*

So an English statute made it penal for any person, not employed in the public mint, to make or mend any instrument used for coining, and it was held that the indictment must negative the want of authority, as that clause was a part of the description of the offence.†

Equally instructive examples are also given by commentators, to show that nothing of the kind is required where the exception is not incorporated with the clause defining the offence, nor connected with it in any manner by words of reference, as in such cases it is not a constituent part of the offence, but is a matter of defence and must be pleaded or given in evidence by the accused.‡

Sufficient has already been remarked to show what answer must be given to the first and second questions, which are both contained in the first interrogatory in the record, and it is only necessary to add in respect to the third, which is numbered second in the transcript, that the only statute of limitations applicable to the offence alleged in the indictment, is the one enacted in the 32d section of the original Crimes Act, which cannot, however, avail the defendant. under the demurrer filed to the indictment.

Let the following answers be certified to the Circuit Court:

(1.) That it is not competent for the defendant to take exception by demurrer to the first five counts of the indictment, for the cause assigned.

(2.) That the said five counts, and each of them, do allege and charge upon their face a crime or offence against the

---

* Commonwealth v. Tuck, 20 Pickering, 361.

† 1 East's Pleas of the Crown, 167; 2 Leading Criminal Cases, 2d edition, 9.

‡ 1 Bishop's Criminal Proceedings, 2 ed., §§ 405, 632, 635, 639; Steel v. Smith, 1 Barnewall & Alderson, 99; State v. Abbey, 29 Vermont, 66; 1 American Criminal Law, 6th ed., §§ 378, 379; 1 Wat. Archbold's Criminal Practice, ed. 1860, 287; Rex v. Pearce, Russell & Ryan, Crown Cases, 174; Rex v. Robinson, Ib. 321; Rex v. Baxter, 2 East's Pleas of the Crown, 781; Same Case, 2 Leach's Crown Cases, 4th ed. 578; 1 Gabbett's Criminal Law, 288.

defendant, for which he is liable in law to be put upon trial, convicted, and punished.

(3.) That the 32d section of the Crimes Act enacts the the only statute of limitation, applicable to the offence charged against the defendant, but that he cannot avail himself of it under the demurrer filed to the indictment.