# CASES

IN THE

# SUPREME JUDICIAL COURT,

OF THE

## STATE OF MAINE.

STATE OF MAINE *vs.* GEORGE THRASHER.

Franklin.    January 29, 1887.

*Practice.    Game Law.    Deer.    Stat. 1885, c. 258.    Evidence.*

Whether or not a penalty for killing a deer out of season is barred by the statute of limitations cannot be raised on a motion in arrest of judgment.

The penalty for killing a deer out of season may be recovered on a complaint.

The complaint for killing a deer out of season need not allege to whom the penalty is to go.

Answers in a deposition which tend to show a voluntary payment by the deponent whose guide killed a deer out of season, are not admissible in the trial of a complaint against the guide.

ON exceptions.

Complaint for killing  a deer out of season.   The exceptions were to the ruling of the court in overruling defendant's motion in arrest of judgment; also in excluding as evidence the following portion of the deposition of George M. Harmon, taken in behalf of the defendant:

"At this time the steamer was just starting from the landing at the outlet of the lake, upon her trip to Rangeley.   I hailed the steamer, and gave to the captain of the boat, Capt. Frank C. Hewey, forty dollars, at the same time requesting him to

hand the money to George D. Huntoon, whom I had known as fish and game warden during the previous three years, and to say to Mr. Huntoon that it was to pay the fine for killing a deer in Rangeley Lake. I also requested Hewey to say to Huntoon that I did not kill the deer, but that Thrasher did it; but as Thrasher had no money with which to pay the fine, I would pay it for him.

"In the afternoon of the same day Mr. Huntoon called at Lake Point cottage to see me, and I fully explained to him the circumstances under which the deer was killed, and said to him that I was ready to do whatever might be necessary to satisfy the law.

"Mr. Huntoon said it would be necessary for him to go to Phillips and have some papers made out, in order to have the settlement legal.

"I replied, all right, my baggage wagon is going out this afternoon, and if you would like to go out on it instead of using your own team, you can do so. Mr. Huntoon availed himself of my offer, at the same time suggesting to me that as I had paid for the deer I might like to take it home. I replied I should like to take it very much, and if there is no objection, I will do so. Mr. Huntoon and myself went down the lake to Esty's, that afternoon, together. The carcass of the deer being boxed, went with us on the steamer. Mr. Huntoon helped load and unload it, and rode on my baggage wagon with it from Esty's (or Greenvale), to Phillips.

"The next morning, Monday, the 16th of June, Mr. Huntoon called at my hotel at an early hour, and said it was necessary I should go before Judge Butterfield and plead to the complaint. I went to Judge Butterfield with Mr. Huntoon and the judge said to me: You are accused of killing a deer out of season. I replied, I did not kill the deer, but am settling for my guide; but if necessary, I plead guilty.

"Interrogatory 4. State whether or not you ever paid Fish and Game Warden Huntoon any money, for and in behalf of George Thrasher, the respondent in this action. If so, for what purpose, and how much?

"Answer. I paid Fish and Game Warden Huntoon through; Frank C. Hewett, forty dollars in behalf of George Thrasher,. the respondent in this action, for killing a deer in Rangeley Lake, on Sunday, June 15, 1884."

*Joseph C. Holman*, county attorney, for the State, cited : 39⸱ Maine, 212 ; 39 Maine, 353 ; Wharton, Crim. Ev. § 105 ; *State· v. Hobbs*, 39 Maine, 216 ; R. S. c. 131, § 14 ; *U. S.* v. *Cook*,. 17 Wall. 168 (L.Co-op. ed. Book 21, p. 538) ; Whart. Crim.. Pl. & Pr. § 318.

*F. E. Timberlake*, for defendant.

The respondent was entitled to the benefit of the deposition; of George M. Harmon.

Because it tends to prove the recovery of one fine by and in behalf of the State for the offence alleged to have been com-- mittted.

See *Rex* v. *Clarke* (Cowp. 610) where it was decided that: when an offence created, or made penal by statute, is in its· nature single, one single penalty only can be recovered though; several join in committing it.

Also *Rex* v. *Bleasdale*, 4 Term, Rep. 809, and the case put by Lord Mansfield under the statute for the preservation of˜ game.

Sec. 4, chap. 70 of the Statutes of Mass. 1797, provided a. penalty for catching alewives, etc., at certain seasons. See· cases under that statute. *Boutelle* v. *Nourse*, 4 Mass. 431 ;. *Burnham* v. *Webster*, 5 Mass. 266.

Because it proves the voluntary payment of one fine to the· complainant, at that time supposed to be a fish and game warden,. by the respondent for this same offence which would estop this· complainant (who must be a party in interest by being entitled. to one-half the amount recovered) from commencing any further˜ action, although another might do so. *Raynham* v. *Rounseville*, 9 Pick. 44 ; *Wheeler* v. *Goulding*, 13 Gray, 542.

The complaint should allege to whom the fine or penalty is to be paid. *Allen* v. *Young*, 76 Maine, 82 ; *Com.* v. *Messenger*,

·4 Mass. 466; *State* v. *Grand Trunk R. R. Co.* 60 Maine, 145; *State* v. *Johnson*, 65 Maine, 362.

In *State* v. *Smith*, 64 Maine, 423, one-half of the fine went to the county, in any event, and in *State* v. *Willis*, 78 Maine, 70, one-half went to the town where the offence was committed.

This action is barred by the Statute of Limitation. R. S., c. 81, § 94.

The complaint alleges an act committed more than one year prior to the commencement of these proceedings, and the evidence was confined to the same date. *Cum. & Oxford Canal Cor.* v. *Hitchings*, 57 Maine, 146; *Cum. & Oxford Canal Cor.* v. *Hitchings*, 59 Maine, 209; *Beals* v. *Thurlow*, 63 Maine, 9; *State* v. *Hobbs*, 39 Maine, 212.

Sec. 1, chap. 133, Revised Statutes, makes a clear distinction between complaint and information:

" The time within which all actions and suits for a penalty or forfeiture on any penal statute may be commenced, is limited to one year. The prosecution by indictment, suit, or information, to two years." *State* v. *Gray*, 39 Maine, 353; *Com.* v. *Howes*, 15 Pick. 231.

VIRGIN, J. The respondent contends that the prosecution against him is barred by the statute of limitations. But the law does not allow that question to be raised under a motion in arrest of judgment. A limitation bar is a matter of defence and should be pleaded or given in evidence by the accused, and then it is traversable. *U. S.* v. *Cook*, 17 Wall. 168, 181.

The complaint need not allege to whom the penalty is to go. Its appropriation is a matter in which the defendant has no concern. His responsibility in relation to the penalty ceases with his payment of it to the clerk of the court which tried him. *State* v. *Smith*, 64 Maine, 425; *State* v. *Willis*, 78 Maine, 70.

Those parts of the deposition excluded by the presiding justice were inadmissible. They were not legitimate evidence to show the deponent's conviction of killing the same deer; a certified copy of the record is the proper evidence of that; but they merely show that he had voluntarily paid $40 to a certain person

for having killed it.  A proper administration of the law recognizes no such condonations.

The prosecution by complaint is authorized by St. 1885, c. 258.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY, EMERY and HASKELL, JJ., concurred.