## The People of the State of Illinois, Defendant in Error, v. Thomas Cannon, Plaintiff in Error.

1. MINES AND MINERALS, § 47*—*when complaint charging obstruction of escapement shaft insufficient.* A complaint based upon a violation of clause "a" of section 9, ch. 93, R. S. 1911, J. &. A. ¶ 7483, charging that defendant then being top boss of a certain coal company did wilfully cause the escapement shaft at the mine to be locked up and obstructed so that there was no place of egress at said mine except the main shaft, *held* insufficient to sustain a conviction for the reason that it nowhere charges that the mine was in operation or that the shaft was so constructed that there was not a place of egress to all persons employed in such mine.

2. MINES AND MINERALS, § 47*—*who may be prosecuted for violation of duty in maintaining escapement shaft.* Clause "a" of section 9, ch. 93, R. S. 1911, J. & A. ¶ 7483, *held* not to impose a duty upon an employe in a mine of maintaining an escapement shaft so that he may be prosecuted for a violation of the statute.

Error to the County Court of Saline county; the Hon. KENNETH C. RONALDS, Judge, presiding. Heard in this court at the October term, 1913. Reversed. Opinion filed May 1, 1914.

M. S. WHITLEY, for plaintiff in error.

P. J. LUCEY and SAM THOMPSON, for defendant in error.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

The plaintiff in error was convicted in the County Court of Saline and fined in the sum of two hundred dollars, to reverse which judgment he prosecutes this writ of error. The suit was instituted by the filing of a complaint by the State's Attorney of Saline county,

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

which complaint contained two counts or charges. The first count, omitting the formal parts, charges: "That Thomas Cannon on the 30th day of April in the year of our Lord one thousand nine hundred twelve, and on divers dates prior thereto at and within said County of Saline, in the State of Illinois aforesaid, then and there being top boss for the Wasson Coal Company at Wasson, Illinois, did then and there wilfully cause the escapement shaft at said mine to be locked up and completely obstructed so that there was not then and there any place of egress at said mine, except the main shaft, contrary to the statute in such case made and provided, and against the peace and dignity of the said People of the State of Illinois."

The second count is the same as the first except that the offense is stated in the following language: "Did then and there unlawfully and wilfully obstruct the escapement shaft to said mine by then and there locking securely the door to said escapement shaft upon the outside and wilfully then and there failed and neglected to remove said obstruction to the egress of persons to said mine."

The complaint is based upon division "A" of section 9, ch. 93, of the Revised Statutes of Illinois 1911 (J. & A. ¶ 7483), which is as follows: "For every coal mine in this State, whether worked by shaft, slope or drift, there shall be provided and maintained in addition to the hoisting shaft, or other place of delivery, an escapement shaft or opening to the surface or an underground communicating passageway with a contiguous mine, so that there shall be at least two distinct and available means of egress to all persons employed in such coal mine."

The plaintiff in error entered a motion to quash the said information, which motion was overruled and excepted to, and thereupon a trial was had and plaintiff in error was convicted and fined.

The principal errors assigned and argued by the plaintiff in error are: First, that the court erred in overruling his motion to quash the complaint. The complaint nowhere charges that the mine was in operation or that the shaft was so obstructed that there was not then and there any place of egress "To all persons employed in such coal mine." The maintaining of the escapement shaft as we read this section is for the express purpose of furnishing available means of egress to all persons employed in such coal mines. The same certainty of allegation is required in an information as in an indictment. *People v. Weinstein*, 255 Ill. 531. "It is a fundamental rule of criminal pleading that an indictment must allege all of the facts necessary to constitute the crime with which the defendant is charged, and an indictment which does not set forth such facts with sufficient certainty will not support a conviction." *People v. Trumbley*, 252 Ill. 31.

The egress for which the shaft is provided by this section to be maintained is confined to persons employed in such coal mine, and unless it is limited to this class of persons we are unable to see how such obstruction would be a violation of this statute. It is true the second count charges that said obstruction was to the egress of persons from said mine. This however, is entirely too general and does not necessarily violate this section of the statute, as it is limited to the particular class. "No indictment is sufficient if it does not accurately and clearly allege all the ingredients of which the offense is composed. (*United States v. Cook*, 17 Wall. 168.) This is so even as to an exception or proviso so incorporated in the statute as to constitute a part of the definition or description of the offense." *People v. Trumbley, supra.* If the statute is enacted for the purpose of protecting a particular class of persons, then a complaint or indictment

should be sufficiently definite to show that the persons referred to in the complaint were within the class prescribed by the statute. We think that the court erred in overruling the motion and that the complaint should have been quashed.

The second error assigned and argued is that this statute has no application to a case of this character. The evidence shows that the plaintiff in error was top foreman and performed such duties as were required of him by the mine manager, or other officers of the mine. He is not required by statute to perform any particular duties. That he was directed by Evans, the mine manager, to go and close down the door at the escapement shaft, which he did, and at that time it appears from the testimony of some of the witnesses there were several men engaged below in blasting rock and repairing the mine. But is the fact that the plaintiff in error, upon the order of the mine manager, closed the door of this air shaft a violation of this statute? The language of the statute is: "For every coal mine in this State, whether worked by shaft, slope or drift, there shall be provided and maintained in addition to the hoisting shaft, or other place of delivery, an escapement shaft, etc." Provided and maintained by whom? We do not think that it can be intended to have been provided and maintained by this servant who is simply working for the coal company for wages. Indeed, it is conceded by counsel for defendant in error that: "Although the section does not use the word operator, it is a just and fair inference to so conclude for the reason that the operator is the only person or corporation that would be liable to incur the expense of constructing an escapement shaft." It will be observed that the duty here of providing and maintaining a shaft devolves upon the same person. It is not that the shaft shall be provided by one person and maintained by another. The failure

to maintain and the obstructing of the air shaft is treated by the defendant in error as synonymous. Webster in defining what is necessary to maintain says: "To keep, maintain, to hold in hand; to hold, preserve or keep in any particular state or condition; to support; to sustain; not to suffer to fail or decline, as to maintain a certain degree of heat, to maintain the fertility of soil; to maintain present character or reputation;" which indicates that such actions must be performed as will preserve and keep up the thing to be maintained; when we speak of the doing of some act of hindrance we use the word "obstruction." Indeed, the pleader in this case was compelled to use the word "obstruct," to describe the act that was done by the plaintiff in error. There is no specific penalty prescribed for obstructing an air shaft, and the penalty imposed is in general terms for violating any of the provisions of the act and is set forth in section 29 of chapter 93. (J. & A. ¶ 7503). We do not believe that this section is intended to apply to a mere temporary obstruction, such as the one shown to exist; besides it is provided by division "L", sec. 10, ch. 93 (J. & A. ¶ 7484) for the removal of obstructions from escapement shafts in the manner in which these obstructions shall be discovered and removed. And by whom? We do not believe that it was intended by the legislature to impose upon men who were working for wages at the coal mine the duty of maintaining an escapement shaft. That duty certainly devolves upon the operator, and if he fails to maintain it or remove any obstructions to it the punishment should be upon him.

We are of the opinion that the statute in question has no application to cases of this character and that the court erred in rendering judgment against the plaintiff in error, and for the reasons indicated the judgment of the lower court is reversed.

*Judgment reversed.*