PEOPLE, PLAINTIFF AND APPELLEE, *v.* ROSENSTADT & WALLER, INC., DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of the Minimum Wages Act.

No. 1524.—Decided December 10, 1920.

MINIMUM WAGES — INFORMATION. — In an information for a violation of the Minimum Wages Act it is not necessary to allege that the woman employed was not an apprentice, for where an exception is so incorporated into a penal statute as to form a part of the definition of the offense, such exception must be negatived in the information, but where the offense is first defined and then an exception is added, the benefit of the exception should be pleaded as a defense.

The facts are stated in the opinion.

*Messrs. L. Mendín* and *O. B. Frazer* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Rosenstadt & Waller, Inc., was convicted of a violation of the Minimum Wage Law of June 9, 1919, Session Laws, No. 45. The case in most respects must follow the opinion

and judgment in case No. 1490, *People* v. *Alvarez, ante,* page 882. The appellant, however, also maintains that the information is bad because it fails to exclude the possible case that the woman employed was an apprentice, an exception made by the statute. The law provides as follows:

"Section 1.—That it shall be unlawful for any employer of women, girls inclusive, in industrial occupations, or commercial, or public-service undertakings in Porto Rico, to pay them wages lower than those specified in this section, to wit:

"Women under eighteen years of age at the rate of four (4) dollars a week, and over said age at the rate of six (6) dollars a week. The first three weeks of apprenticeship shall be exempt from the provisions of this section. The provisions of this Act shall not be applicable to agriculture and agricultural industries."

Where an exception is so incorporated into a penal statute as to form a part of the definition of the offense, such exception must be negatived in any information prosecuted thereunder. *People* v. *Cortés*, 24 P. R. R. 195. Where however the offense is first defined and contains exceptions subsequently enumerated, the benefit of the exception must be presented as a defense. *United States* v. *Cook*, 17 Wall. 168; *People* v. *Cortés, supra;* 16 C. J. 353; *Nesbit* v. *State,* 54 Pac. 326, 328; *Rider* v. *Lakewood Market Co.*, 88 A. 194, 196.

A mere examination of the statute shows that the case of of a mere apprenticeship is not a part of the definition of the offense, but a clear exception therefrom separately enacted in an independent clause. Not being an apprentice is not made part of the definition.

The information must be held to be good and for the reasons given in *People* v. *Alvarez, supra,* the judgment must be.

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.