## Commonwealth v. Johnston

*McGill & McGill*, for Commonwealth.
*McGee & McGee*, for defendant.

MCCRACKEN, P. J., April 22, 1937.—Defendant was arrested on an information charging a violation of a certain provision of The Vehicle Code of May 1, 1929, P. L. 905. Objection has been made to that portion of the information charging the offense, which reads as follows:

"Harley Johnson, defendant, did unlawfully operate a motor vehicle to wit: a Chevrolet Sedan bearing 1937 Penna. Reg. No. 90 H 40 upon Route #62 a public highway in this Commonwealth, by then and there failing to drive and keep on the right side of the center of the said highway. All of which is in violation of Section 1004, Act 403, P. L. 1929 as amended by Act 263 P. L. 1931."

While the quotation mentions an amendment of The Vehicle Code of 1929 we cannot find that the section quoted has been changed in any way.

The information is based upon the following provision:

"Upon all highways of sufficient width, except upon one way streets, the driver of a vehicle shall drive the same upon the right half of the highway, and shall drive a slow moving vehicle as closely as possible to the right hand edge or curb of such highway, unless it is impracticable to travel on such side of the highway, and except when overtaking and passing another vehicle": Section 1004, 75 PS §521.

The basis of the objection is contained in a motion presented by defendant asking that the information and all proceedings thereon be quashed, alleging that the same is fatally defective in that no criminal offense is charged either at common law or under any statute. It is to be

noted that driving on the left of the center line of a public highway is not in every case an offense. There are exceptions in the body of the section herein quoted. Should these be negatived? The general rule is thus stated in 31 C. J., 720, sec. 269:

"It is necessary to negative an exception contained in a statute defining an offense where it forms a portion of the description of the offense, so that the ingredients thereof cannot be accurately and definitely stated if the exception is omitted. Where, however, the exception or proviso is separable from the description and is not an ingredient thereof, it need not be noticed in the accusation, being a matter of defense. As the rule is frequently stated, an exception in the enacting clause must be pleaded; but it is not necessary to negative an exception in a later clause or section of the statute or in a separate statute. It is no doubt true that an exception in the same clause or section constituting a part of the description of the offense must be negatived".

In Commonwealth v. Fusarini, 26 Dist. R. 548, the second and third paragraphs of the syllabus thus state the rule:

"Where the enacting clause of a statute contains an exception which is so incorporated with the language defining the offence that the ingredients of the offence cannot be accurately and clearly described if the exception be omitted, an indictment founded upon the statute must allege enough to show that the accused is not within the exception. But where the exception is so entirely separable from the language defining the offence that the ingredients constituting the offence may be clearly and accurately defined without any reference to the exception, such exception is not a constituent part of the offence and need not be negatived, but is a matter of defence to be pleaded or given in evidence by the accused.

"The mere fact that an exception is contained in that part of the statute containing the enactment, or that an exception is introduced into the enacting clause by way

of reference, as by the use of such words as 'except as hereinafter provided', or other words of similar import, does not require the exception to be negatived. The question is whether the exception is so incorporated with, and made a part of, the enactment as to constitute a part of the definition or description of the offence inseparable from it. It is the nature of the exception, and not its location, that determines the question. An exception in a subsequent section of a statute may be so clearly connected with the description of an offence contained in a preceding section as to require the exception to be negatived, while matter in the enacting clause may be so independent of the description of the offence as not to require negation."

In Commonwealth v. Wickert et al., 6 Dist. R. 387, the subject of exceptions and provisos as applicable to indictments is discussed. We there find the following:

"The general rule requires the criminal pleader to state the alleged offence with as much particularity as the nature of it will permit, and with certainty to a common intent: Sherban v. Com., 8 W. 213. When indictments are framed upon statutes which contain exceptions or provisos, it is usual to say, that where the 'enacting clause' describes an act as forbidden, with certain exceptions, it is necessary to negative the exceptions; but where the exceptions are contained in separate clauses or provisions of the statute, they are not required to be met and denied by the indictment, but are considered matters of defence which are to be introduced by the defendant upon his proofs. While the application of this principle may be sometimes difficult, it can be said that the rule as stated is now universally accepted. . . .

"It will be observed that a negative must be pleaded when the exception is contained in the 'enacting clause.' This expression is not to be confused with the idea that it either embraces the *whole* of any section of a statute in which the offence is described, or that it is limited to a

single section. The distinction is well defined and applied in U. S. v. Cook, 84 U.S. 176. The enacting clause is that part of a single section, or of several, which constitutes the description of the offence, and the test is to determine whether the exception, no matter where contained in the whole Act, 'is so incorporated with the substance of the clause as to constitute a material part of the description of the acts, omission or other ingredients' forbidden or required to be done.

"When a statute provides that 'no person, *except* one who holds a license,' shall do a particular thing, or 'no person except as hereinafter provided' shall do it, and this exception is defined in some remote and succeeding section of the Act, it is by this reference incorporated into the enacting clause, and in either case no description of the offence is sufficient which omits to negative the exception. But the same section which prohibits an offence may contain an exception which is not necessarily descriptive of the forbidden act. 'Cases might be cited where the prohibitory clause has been immediately followed by a proviso, and yet it has not been held essential to aver that the defendant did not come within the proviso. The reason supporting these rulings is, that the matter contained in the proviso was not an essential part of the definition of the offence, but was excusatory or matter of defence:' Com. v. Shelly, 2 Kulp, 301. The disputable matter before us does not embrace an 'exception,' but a 'proviso,' and the difference between their functions will usually be found controlling in respect to the duty of the pleader. If it be an exception, made part of the enacting clause, it must be negatived. If it be a proviso, as a general rule, this will not be required, but its exemption is the subject-matter of proof by the defence. An exception is something which would otherwise be included in the category; the office of the proviso is to qualify or restrain the generality of the enacting clause, or to exclude some ground of misinterpretation, as extending to cases not intended to be brought within its operation".

The question involved might be answered by a determination of who has the burden of proof or from what source the proof should come. If upon the hearing the Commonwealth proved only that defendant failed to drive on the right hand side of the highway a conviction could not be had for the reason that in many cases statutory permission is given to so operate a vehicle and defendant might be acting within his legal rights. The presumption is that he was operating his car according to law and the burden of showing that he was doing so unlawfully is upon the Commonwealth. The burden being upon the Commonwealth, it was necessary to allege and prove that defendant was not within the excepted class. Having failed to so allege, the information cannot be sustained.

Another defect in the proceedings is apparent. The act charged to be violated provides, inter alia: "Upon all highways of sufficient width". Nowhere does the questioned information allege that the highway upon which defendant operated his car was "of sufficient width" to permit of a compliance with the statutory requirements. We recognize the fact that an information need not be drawn with the care and nicety of an indictment, and the proper administration of the law, particularly with respect to summary matters which are handled in large measure by those without technical knowledge, necessitates a certain liberality of construction. Yet we cannot permit such necessity to transgress the rights of a defendant. He has the right to have the alleged offense so definitely stated as to inform him of its nature and the exact charge he is to meet. The information in this case does not meet the legal requirements of even the rather wide latitude allowed in pleading in the origin of criminal prosecutions, and we, therefore, enter the following

### Order

And now, April 22, 1937, the information and all proceedings thereon in the above-entitled case are quashed and defendant discharged.

From John F. Budke, Franklin.