UNITED STATES of America,
Plaintiff,

v.

Paul J. HYMES, an individual, Rudolph Lipkowitz, an individual, Ronald S. Press, an individual, and Davenport Packing Co., Inc., a corporation, Defendants.

Crim. No. RI–43.

United States District Court
S. D. Illinois, N. D.
Nov. 1, 1965.

Edward R. Phelps, U. S. Atty., Springfield, Ill., for the United States.

Marvin Andich, Rock Island, Ill., for defendant Davenport Packing Co.

Paul E. Rink and Sam M. Arndt, Rock Island, Ill., for defendant Paul J. Hymes.

MERCER, Chief Judge.

The information in this case alleges that Hymes did knowingly and wilfully

engage in the for-hire transportation in interstate commerce of dressed beef by transporting such beef for the defendant, Davenport Packing Co., Inc. from Milan, Illinois, to Detroit, Michigan, by motor carrier, without there being in force any authority granted by the Interstate Commerce Commission for such transportation, in violation of 49 U.S.C. §§ 303(c) and 322(a).

That information also alleges that the defendants, Davenport Packing Co., Inc., Rudolph Lipkowitz and Ronald S. Press, with knowledge of the premises, did knowingly and wilfully aid and abet Hymes to commit the charged offense in violation of 18 U.S.C. § 2 and 49 U.S.C. §§ 303(c) and 322(a).

The defendants, Davenport, Lipkowitz and Press, moved to dismiss the information on the grounds that the information is insufficient in that it fails to allege with specificity what particular violation was committed by those defendants who are charged as aiders and abettors, that the information fails to allege that defendants are engaged in transportation, not as an incident to another primary business enterprise other than transportation, and that the information fails to charge an offense, in that it does not charge the conduct prohibited by Section 322(c) of Title 49, United States Code.

■ This information alleges the offense with which these defendants are charged in the statutory language contained in 18 U.S.C. § 2(a). The information alleges that Hymes, in violation of 49 U.S.C. § 322(a), transported commodities in interstate commerce without having the requisite authority so to do. It further charges that the defendants, Davenport, Lipkowitz and Press, did with knowledge of Hymes' lack of authority, knowingly aid and abet Hymes in the commission of that offense. The information sufficiently apprises these defendants of the charge which they are required to meet and is sufficiently specific to preclude multiple prosecution for the same offense. The first ground relied upon for dismissal is, therefore, without any merit whatsoever. Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861.

The second ground asserted for dismissal is likewise without merit. 49 U.S.C. § 303(c) provides:

"Except as provided [in enumerated sub-sections of the act] no person shall engage in any for-hire transportation business by motor vehicle, in interstate or foreign commerce, on any public highway * * *, unless there is in force with respect to such person a certificate or a permit issued by the Commission authorizing such transportation, nor shall any person engaged in any other business enterprise transport property by motor vehicle in interstate or foreign commerce for business purposes unless such transportation is within the scope, and in furtherance, of a primary business enterprise (other than transportation) of such person."

■■ It is true, as defendants point out, that the government does not recite that the defendant motor carrier is engaged in transportation, not as an incident to or in furtherance of another primary business enterprise other than transportation. The statute defines an offense, and also contains a separable provision defining an exception to the application of the statute. It is clearly established that the exception as a matter of defense which need not be negatived in the allegations of an indictment or information charging a violation of the statute. United States v. Cook, 17 Wall. 168, 84 U.S. 168, 21 L.Ed. 538; United States v. Kelly, N.D.Ind., 63 F. Supp. 977. It is not necessary that this information contain allegations negativing the exception stated in Section 303 (c). If that exception has any application to this case, proof of the exception is a matter of defense of which these defendants may avail themselves.

The short answer to the third ground asserted for dismissal of this information is that the information does not charge any of the defendants with having committed any of the misdemeanors defined in 49 U.S.C. § 322(c). That sub-section, which defines conduct prohibited to shippers, has no application to this case. These defendants are charged under 18 U.S.C. § 2(a) for having aided and abetted Hymes in the commission of the offenses defined in 49 U.S.C. §§ 303(c) and 322(a). Thus the contention that the information does not charge a violation of Section 322(c) is a wholly frivolous position.

For the reasons noted, the motion to dismiss this information is denied.