**UNITED STATES of America, Plaintiff,**

v.

**Michael E. OETTINGER and Richard N. Hall, Defendants.**

**No. CR–92–0058 WHO.**

United States District Court,
N.D. California.

July 9, 1992.

---

**820**

John A. Mendez, U.S. Atty. and Eb F. Luckel, Asst. U.S. Atty., San Francisco, CA, for plaintiff.

Joseph M. Burton Robins, Kaplan, Miller & Ciresi, San Francisco, CA, for Richard N. Hall.

**1.** Oettinger is charged with seven counts, and Hall with five. The overlapping count is for

## OPINION AND ORDER

ORRICK, District Judge.

Defendants, Michael E. Oettinger ("Oettinger") and Richard N. Hall ("Hall"), were charged in an eleven-count indictment[1] filed February 7, 1992, with conspiracy, bank fraud, bank misapplication, and bank bribery in a complex scheme allegedly involving fraudulent bank loans. Hall was the President and Chief Executive Officer of Westamerica Bank ("the Bank"), and Oettinger was president of a real estate development corporation. Oettinger allegedly promised or provided money and interest in properties to Hall in exchange for loans by the Bank.

Hall moves to dismiss Counts Seven and Nine of the indictment alleging receipt of commissions or gifts for procuring loans in violation of 18 U.S.C. § 215(a). For the reasons hereinafter stated, the Court denies Hall's motion to dismiss.

## I.

■■■ Counts Seven and Nine of the indictment charge that Hall "did directly and indirectly receive" (Count Seven) and "seek and agree to receive" (Count Nine) a twenty-five percent interest in two different projects "for and in connection with the making of loans" for the projects.

At the time of the alleged offenses, 18 U.S.C. § 215(a) (1983) was violated when any bank officer,

> *except as provided by law,* directly or indirectly, ... seeks, accepts, receives or agrees to receive anything of value ... from any person or entity for or in connection with any transaction....

(Emphasis added.) Because the indictment does not expressly allege that Hall received anything of value *illegally,* Hall claims the government has failed to plead an essential element of the crime, that is, that the receipt of the interest was not "as provided by law."

The indictment alleges that Hall sought to and did (as to the project in Count Seven) receive a twenty-five percent interest in two

conspiracy.

different projects. It is notable that persons affiliated with a bank are precluded by federal regulation from receiving any "fee" in connection with the procurement of any loan. *See* 12 C.F.R. § 563.40(a) (1991). By inference then, the acts alleged in Count Seven were illegal as a matter of law.[2]

## II.

Hall first tries to analogize § 215(a) to 18 U.S.C. § 201, the federal bribery statute, and two cases that held that conviction required proof that the public official took a thing of value "otherwise than as provided by law for the proper discharge of official duty." *United States v. Evans*, 572 F.2d 455, 480 (5th Cir.1978); *see also United States v. Brewster*, 506 F.2d 62 (D.C.Cir.1974). While the language in this statute bears a strong similarity to that in § 215(a), the cases clearly do not deal with bank officers, and the analogy is inapt. As Hall concedes, *Brewster* was concerned with the differences and similarities between § 201(g) (gratuity) and § 201(c) (bribery). These cases are not controlling, both because they are not from the Ninth Circuit and, moreover, because the exception in § 201(c), "otherwise than as provided by law for the proper discharge of official duty," delineates a specific exception regarding the particular official's duties. In contrast, the language of § 215(a) only makes a broad, generalized exception for receipt of things of value "as provided by law." This general exception, if it is applicable, is not an essential element, but an affirmative defense for the defendant to present.

 The Ninth Circuit is clear on the general law applicable to this issue.

The well-established rule is that a defendant who relies upon an exception to a statute made by a proviso or distinct clause, whether in the same section of the statute or elsewhere, has the burden of establishing and showing that he comes within the exception.

*United States v. Henry*, 615 F.2d 1223, 1234–35 (9th Cir.1980). The government does not have the burden of presenting the issue until the defendant has made a showing that he falls within the exception. *See United States v. Hester*, 719 F.2d 1041, 1042–43 (9th Cir. 1983) (government need not allege non-Indian status of defendant for proper indictment under 18 U.S.C. § 1152). On that basis, the indictment is properly pleaded.

Additionally, in *United States v. Harenberg*, 732 F.2d 1507, 1512 (10th Cir.1984), the court found that the elements of a violation of § 215(a) are "(1) the receiving or consenting to receive (2) a fee, commission, gift, or thing of value (3) for procuring or attempting to procure (4) a loan from a federally-protected bank." Nowhere does that court include discussion of the government's burden to plead illegality of the act, and this Court does not believe such an allegation is necessary. *See also United States v. Schoenhut*, 576 F.2d 1010, 1012 (3d Cir.1978) (no proof necessary that defendant knew of fraudulent schemes and forgeries, as long as defendant endeavors to or does secure loan in return for something of value). Indeed, in none of the cases addressing this statute is there any indication that failure to plead the illegality would be deficient. *See, e.g., United States v. Jumper*, 838 F.2d 755, 757 (5th Cir.1988); *Harenberg*, 732 F.2d 1507; *Ryan v. United States*, 278 F.2d 836, 838 (9th Cir.1960). This also supports the government's arguments on this motion.

 Additionally, even if the "as provided by law" exception were an essential element, an indictment is sufficient if the facts as alleged simply support an inference thereof. *See, e.g., United States v. Oren*, 893 F.2d 1057, 1063–64 (9th Cir.1990) (even where it is an essential element of the crime, materiality need not be expressly alleged). Given the other facts in the indictment, a clear inference can be drawn that Hall's actions were illegal.

 Finally, Hall's statutory construction arguments fail because the statute, when parsed, can exist without the language of the

---

**2.** This regulation would not apply to Count Nine, because the allegations there only charge that Hall "did seek and agree to receive" the twenty-five percent interest, and do not state that Hall did receive the interest, which the language of the regulation seems to require. Nevertheless, the discussion *infra* supports a finding that both counts are properly stated.

exception. Hall cites *United States v. English,* 139 F.2d 885, 886 (5th Cir.1944), for the proposition that:

> [W]here a statute defining an offense contains an exception in its enacting clause, which is *so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted,* an indictment founded upon the statute must allege enough to show that the accused is not within the exception....

(citing *United States v. Cook,* 84 U.S. 168, 21 L.Ed. 538 (1872) (emphasis added)). As the government notes, the statute could stand on its own without the "except as provided by law" clause. In such a case,

> [T]he matter contained in the exception must be set up as a defense by the accused. This is the rule of statutory construction universally recognized....

*Id.* Based on the discussion above, the Court finds it clear that Counts Seven and Nine of the indictment properly state statutory violations.

Accordingly,

IT IS HEREBY ORDERED that Hall's motion to dismiss the indictment is DENIED.