[No. 737. Decided February 23, 1893.]

KELLY, DUNNE & Co., a corporation, *Respondent*, v. CHARLES M. JOHNSON AND BENJAMIN F. THOMPSON, *Appellants*.

ASSUMPSIT — PLEADING AND PROOF — VARIANCE.

In an action against two as partners, for goods sold and delivered to them at their instance and request, where the evidence is to the effect that they had merely undertaken to be responsible for the purchase of said goods by a certain corporation, the jury should be instructed to return a verdict for the defendants, if they find that the goods were sold to such corporation.

*Appeal from Superior Court, Pierce County.*

*Parsons & Corell*, for appellants.
*Marshall K. Snell*, for respondent.

The opinion of the court was delivered by

STILES, J.— The complaint alleged that the defendants, Charles M. Johnson and Benjamin F. Thompson, were at all times named therein co-partners, trading under the name and style of the Washington Manufacturing Company, and that the plaintiff, between certain dates, at the

50—5 WASH.

instance and request of the defendants, sold and delivered to them certain merchandise.

Upon the trial some testimony was admitted tending to show that although the defendants had never formally entered into a partnership, they had done business in such a way as to bind themselves as partners by holding out, and that they were known, as the Washington Manufacturing Company. But while there was some evidence, which, it is claimed, tended to show that the defendants had bought the goods, a large part of the evidence which was admitted and considered, under objection, was to the effect that they had merely undertaken to be responsible for the purchase of certain goods by the Washington Manufacturing Company, which was a corporation. The admission of that testimony and a portion of the charge of the court are complained of. The charge was as follows:

"If you find from the evidence that the Washington Manufacturing Company was a corporation, no promise or agreement by these defendants to answer for the debt or default of the said corporation will be valid, unless some note or memorandum therefor was made in writing and signed by the party to be charged therewith; or unless some consideration passed for the promise; or unless credit was given to them direct; but if any of these exceptions exist, the promise would be good whether it was in writing or not. If you find that Thompson and Johnson bought out the assets of this company or corporation, then they could assume the debt of the company, and the purchase would be a consideration for the promise, and validates it. Thompson and Johnson could do business as partners and use any name they pleased, of a company or otherwise, and could assume the debts of their predecessors as part of the purchase. If such assumption passed it would make a contract for payment."

This language of the court was entirely outside of the cause of action pleaded, and its only effect was to mislead the jury. Such of the plaintiff's testimony, also, as tended

to show merely a promise to assume a debt or to pay for goods sold to a corporation was open to the same objection. The court should have charged that if the jury found that the Washington Manufacturing Company was a corporation and the goods were sold to it, they must find for the defendants. Under the pleadings there was no alternative. Objections had been repeatedly made, and there was no offer of amendment made by the plaintiff.

The judgment must be reversed and the cause remanded for a new trial, and it is so ordered.

DUNBAR, C. J., and HOYT, SCOTT and ANDERS, JJ., concur.