UNITED STATES v. ROHE & BRO. et al.

(District Court, S. D. New York. November 17, 1914.)

1. INSPECTION (§ 7*)—MEAT INSPECTION ACT—CONSTRUCTION.
    Meat Inspection Act June 30, 1906, c. 3913, 34 Stat. 674, providing for the inspection and reinspection of meat intended for food and the plants where such meats are prepared, covers two classes of cases, one where the establishments are inspected and the other where they are not, but does not impose criminal liability on the operator of an inspected establishment, which is subject to inspection, who has complied with the inspection laws, because he has fully complied with the requirements of the Department of Agriculture.
    [Ed. Note.—For other cases, see Inspection, Cent. Dig. §§ 13–17; Dec. Dig. § 7.*]

2. INSPECTION (§ 7*)—MEAT PRODUCTS—INDICTMENT.
    An indictment charging that defendants offered for transportation in interstate commerce from New York City to Charleston certain hams, which were, and which defendants knew to be, unfit for human food, and which they knew were intended for human consumption, did not state an offense under Meat Inspection Act June 30, 1906; the proviso of the act imposing a penalty generally for shipping meat unfit for human food being limited to those persons whose plants for the preparation of meats are not inspected, to wit, retailers and farmers.
    [Ed. Note.—For other cases, see Inspection, Cent. Dig. §§ 13–17; Dec. Dig. § 7.*]

3. INSPECTION (§ 5*)—MEAT PRODUCTS—REINSPECTION BEFORE SHIPMENT.
    Meat Inspection Act June 30, 1906, makes it unlawful to ship meats in interstate commerce unless inspected as required by the act "and the regulations of the Department of Agriculture." Held, that the regulation of the Department of Agriculture is but a condition on which the act operates, and that it is within the power of the Secretary of Agriculture to require a reinspection, immediately before shipment, of meat which has been previously inspected.
    [Ed. Note.—For other cases, see Inspection, Cent. Dig. §§ 9–11; Dec. Dig. § 5.*]

4. CRIMINAL LAW (§ 304*)—EVIDENCE—JUDICIAL NOTICE.
    In a prosecution for shipping meat in interstate commerce not properly inspected, the court will take judicial notice of the regulations of the Secretary of Agriculture, but cannot take such notice of regulations made by the Bureau of Animal Industry.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 700–717, 2951½; Dec. Dig. § 304.*]

5. INSPECTION (§ 7*)—MEAT PRODUCTS—CERTIFICATE—COUNTERFEITING.
    Meat Inspection Act June 30, 1906, makes it an offense to counterfeit or falsify, not only certificates authorized or required by the act, but also certificates required by the regulations of the Department of Agriculture.
    [Ed. Note.—For other cases, see Inspection, Cent. Dig. §§ 13–17; Dec. Dig. § 7.*]

Rohe & Bro., a corporation, and Jacob Fowler, were indicted for violating Meat Inspection Act June 30, 1906, and demurred to the indictment. Overruled.

The indictment here is in three counts, the first of which charges that defendants offered for transportation in interstate commerce from New York City to Charleston, S. C., certain hams which were, and which defendants

knew to be, unfit for human food, and which they knew were intended for human consumption.

The second count charges that, pursuant to Act June 30, 1906, 34 Stat. 674, the Secretary of Agriculture duly made rules and regulations for the inspection of meat food products to be shipped in interstate commerce, and that these rules and regulations prescribed that all carcasses of meats or parts thereof, whether fresh or cured, that had been previously inspected, should be reinspected by an inspector of the Bureau of Animal Industry immediately before the shipment thereof in interstate commerce, to determine whether such carcasses may have become unfit for human food; that while these rules and regulations were in effect, and on April 7, 1913, the defendants knowingly and willfully offered for transportation from New York City to Charleston, S. C., certain hams which had not been inspected and examined in accordance with the said rules and regulations, as the defendants well knew, in that the said meat had not been reinspected by an inspector of the Bureau of Animal Industry immediately before the shipment thereof, but the said hams were then and there unfit for human food, as defendants well knew.

The third count charges that, pursuant to the act of June 30, 1906, the Secretary of Agriculture duly made rules and regulations which require that when any meat food products, which had been inspected and passed and so marked, should be offered to any common carrier for transportation in interstate commerce, the person offering such meat food products should make and deliver to the carrier a certificate to the effect that such products are, at the date of shipment, wholesome and fit for human food; that while these rules were in force, and on April 7, 1913, the defendants did falsely present the aforesaid certificate to the Clyde Steamship Company upon the offer of certain hams for transportation from New York City to Charleston, S. C., and did thereby knowingly and willfully falsely represent that said hams were at the date of said offer wholesome and fit for human food, defendants well knowing the contrary to be true.

The objection to the first count is that the Meat Inspection Act does not make it a crime for an *inspected* establishment to ship unwholesome meat products in interstate commerce. The objection to the second count is that the act does not authorize the Secretary of Agriculture to delegate to the Chief of the Bureau of Animal Industry the right or authority to make regulations; that the Chief of the Bureau of Animal Industry has at no time prescribed the manner or times of reinspection, as provided by regulation 19; and that the Secretary of Agriculture is not given authority to determine the times of reinspection, as the act specifically provides that reinspections shall be made by the inspectors "when they deem it necessary." The objection to the third count is that the act does not authorize the Secretary of Agriculture to require the presentation of a certificate to the common carrier; that such certificate, if authorized, is not included in the words "marks, stamps, tags, labels or other identification devices" (section 9); and that a false statement in the certificate is not a forging, counterfeiting, or false representation of the certificate.

H. Snowden Marshall, U. S. Atty., of New York City (Roger B. Wood and Ben A. Matthews, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

O'Gorman, Battle & Vandiver, of New York City (I. H. Levy, of New York City, of counsel), for defendants.

RUDKIN, District Judge (orally). I have examined the demurrer in this case and am of opinion that it is not well taken. I have very grave doubt whether the first count of the indictment charges a crime under the Meat Inspection Act (34 Stat. 674); but, inasmuch as it was conceded on the argument that it does charge a crime under the Food and Drugs Act, the demurrer is not well taken.

[1, 2] Personally, I do not think the first count charges a crime under the Meat Inspection Act. That act covers two classes of cases, the one where the establishments are inspected, and the other where they are not. Where the establishment is inspected, and subject to inspection, and the inspection laws are fully complied with, I do not think it was ever the intention of Congress to make a man a criminal, even though he had fully complied with the requirements of the Department of Agriculture. True, the statute imposes a penalty generally for shipping meat unfit for human food. But this is a proviso to that part of the statute exempting certain establishments or certain persons from the operation of the act, and is followed by another proviso limited to the same class.

I realize that a proviso is not necessarily restricted by other parts of the act, and that it may be of general application, but in the connection in which the proviso occurs here, and in view of the general purpose of the act, I am clearly of the opinion that it only relates to retailers and farmers whose products are not subject to inspection under the law. If the act had used the word "knowingly," there might be some reason for a different construction; but the penalty is absolute, and the person must know only that the meat is intended for human food, otherwise he ships it at his peril; and to say that a person whose products have been at least thrice inspected by government authority should ship those products at his peril, especially where the products were inspected immediately before shipment, would be a harsh application of the statute, which I do not think Congress intended, or the courts will enforce.

[3] I do not think that the other counts of the indictment charge a violation of regulations at all. The statute provides that it shall be unlawful to ship unless inspected as required by the act *and the regulations* of the Department of Agriculture. The regulation of the Department of Agriculture is but a condition on which the act operates, and I think it is clearly within the power of the Secretary of Agriculture to require this reinspection of the meat immediately before shipment.

[4] It was argued that the mode of inspection was left to the Bureau of Animal Industry, or some other board, and that that bureau has prescribed no rules. I must take judicial notice of the regulations of the Secretary of Agriculture, but cannot take judicial notice of regulations made by the Bureau of Animal Industry. In any event, this goes merely to the manner of inspection, and not to the fact of inspection.

[5] The same is true of the other count. The statute makes it an offense to counterfeit any certificate authorized or required by the act or *by the regulations* of the Department of Agriculture.

The demurrer will be overruled as to all three counts.