## UNITED STATES v. NORTHWESTERN FISHERIES CO.

(District Court, W. D. Washington, N. D.   May 19, 1915.)

No. 2961.

FOOD ⊕=12—INSPECTION—SUBSEQUENT UNFITNESS.

> One delivering and offering for transportation in interstate commerce a food product of a canning and packing establishment marked inspected by label as provided by Act March 4, 1907, c. 2907, 34 Stat. 1258, providing for the inspection of food products for use in interstate commerce, but unfit for human consumption, is not within the proviso declaring that any person selling or offering for sale or transporting for interstate commerce any food products which are diseased or otherwise unfit for human consumption, knowing that the food products are intended for human consumption, shall be guilty of a misdemeanor, for the act does not place responsibility for the condition of food subsequent to its inspection.
>
> [Ed. Note.—For other cases, see Food, Dec. Dig. ⊕=12.]

The Northwestern Fisheries Company was charged with willfully, knowingly, and unlawfully delivering and offering for transportation in interstate commerce unwholesome food products.   On motion for a directed verdict of not guilty.   Granted.

Clay Allen, U. S. Dist. Atty., and Albert Moodie, Asst. U. S. Dist. Atty., both of Seattle, Wash.

Carroll A. Gordon, of Tacoma, Wash., for defendant.

NETERER, District Judge (orally).   The information in this case charges the defendant with willfully, knowingly, and unlawfully delivering and offering for transportation in interstate commerce, to wit, from Seattle, Wash., to Orca Cannery, Cordova, Alaska, one case of meat food products, to wit, one case of lard, which was unsound, unhealthful, unwholesome, and otherwise unfit for human food, which said lard was intended, and said Northwestern Fisheries Company, a corporation, well knew that such lard and meat food was intended, for human consumption.   The evidence shows that this lard offered for shipment was the product of a canning or packing establishment, and was marked "inspected" by label as provided by the act.   It also shows that the food was unfit for human consumption.   The defendant, at the close of the government's case, moved for dismissal, and now, on the conclusion of all of the evidence, has moved for a directed verdict of acquittal.

A consideration of this act shows that the purpose of the act, reference being had to section 1, is to provide a system of inspection for the purpose of preventing the use in interstate commerce of meat food products unfit for human consumption.   The act deals with two classes of people, and likewise with two classes of food.   One kind of food is that which is prepared for market in a slaughtering, packing, or canning establishment, and the other which is not.   Provision is made by the act for a post mortem and ante mortem inspection, and for tagging or labeling "Inspected and passed," or "Inspected and condemned," and all condemned carcasses "shall be destroyed for food products in

the presence of the inspector." All meat food products prepared for interstate commerce in any canning or packing establishment shall be inspected, and marked "Inspected and passed," or "Inspected and condemned," and condemned food destroyed in the presence of the inspector. All food meat products marked "Inspected and passed," intended for interstate commerce, shall be packed in cans, pots, tins, canvas, and other receptacles, and shall be labeled, etc., and inspection—

"shall not be deemed complete until the meat food products have been sealed in said tins under the supervision of the inspector, and no such food products shall be sold or offered for sale by any person, firm or corporation, in interstate or foreign commerce under a false descriptive name."

After provision is made for inspection, the act provides, in section 8, that no person, firm, or corporation shall, etc., or offer for transportation, and no carrier of interstate or foreign commerce shall transport or receive for transportation from any state or territory, etc., to any state of the United States or to any foreign country, any meat food products which have not been inspected and marked "Inspected and passed" in accordance with the terms of this act; and section 17 provides that:

"No person, firm, or corporation engaged in interstate commerce * * * shall transport or offer for transportation, sell or offer to sell, any such * * * meat food products in any state or territory * * * other than the state or territory * * * in which the slaughtering, packing, canning * * * or other similar establishment owned * * * or operated by said person, firm or corporation is located, * * * until said firm * * * shall have complied with all of the provisions of the act."

And penalties are provided for the violation of the provisions of the act, or for counterfeiting any labels, etc. A complete system of inspection is provided for all slaughtering, packing, and canning establishments, and penalties provided for the sale or transportation, without inspection, and then provision is made for the other class of meats, which is not within this general provision, and then comes the exception, and that is that it—

"shall not apply to animals slaughtered by any farmer on the farm and sold and transported as interstate or foreign commerce, nor to retail butchers and retail dealers in meat or food products": "Provided that if any person shall sell or offer for sale, or transport for interstate or foreign commerce any meat or food products which are diseased, unsound * * * or otherwise unfit for human consumption, knowing that such meat food products are intended for human consumption, shall be guilty of a misdemeanor."

The contention of the government that this proviso applies to the entire act I do not think is tenable. There is no provision in any part of the act which attempts to place responsibility for the condition of the food subsequent to inspection. Every requirement is with relation to inspection, and the only meat which is treated in the act which is excluded from the inspection is the meat provided for in the exception, and the proviso which follows this proviso in the same section refers to this same class of people and the same character of meats.

Approaching this subject from every viewpoint of which I can conceive, it seems to me that the intention of Congress was to have

the proviso relate to retailers and farmers whose products are not subject to inspection. Otherwise no reliance could be placed upon a certificate of inspection. The government would make a dealer, in offering inspected meats for interstate commerce, a guarantor of the condition of the meat, and assume a burden which the government relieves against, and would utterly disregard and discredit the certificate of the regularly employed agents of the government, whose duty it is to see that the meat was inspected and properly labeled.

I do not think that the regulations to which my attention is directed can apply, for the reason that the regulations did not take effect until November, and this act is charged as having been done prior, and even though these regulations were in effect prior to the commission of the act charged, the charge here is not the offering of any goods in violation of any of the regulations; but it is the direct charge of offering food products which are unfit for human consumption, and the defendant is to meet this allegation, and not the other.

The motion is granted.