UNITED STATES v. WOODS (and five like cases).

(District Court, D. Montana. July 3, 1915.)

Nos. 2645–2647, 2661, 2663, 2664.

1. INTERNAL REVENUE ⬯40—OFFENSES AGAINST REVENUE LAWS—ELEMENTS.
    Act Dec. 17, 1914, c. 1, § 1, 38 Stat. 785, provides that every person who produces, deals in, etc., opium or coca leaves, or any compound or preparation thereof, shall register with the collector of internal revenue and pay a special tax, and that it shall be unlawful to produce, deal in, etc., any of such drugs without having registered and paid such tax. Section 8 provides that it shall be unlawful for any person who has not registered and paid such tax to have in his possession any of such drugs, and that possession thereof shall be presumptive evidence of a violation of both sections 1 and 8. *Held* that, as taxes can be imposed and statutory offenses created only by direct, clear, and apt language, the act does not impose the duty of registration and the payment of taxes upon mere consumers of the drugs, and only makes unlawful possession of the drugs by persons required to register and pay the tax, who have not done so.
    [Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 97–101, 103–106, 142, 143; Dec. Dig. ⬯40.]
2. INTERNAL REVENUE ⬯47—OFFENSES AGAINST REVENUE LAWS—INDICTMENT.
    Indictments charging that defendants knowingly, unlawfully, and feloniously had in their possession and under their control smoking opium, not having theretofore registered with the collector of internal revenue, as required by Act Dec. 17, 1914, and not having theretofore paid the special tax provided for thereby, but not alleging that defendants were in any of the classes thereby required to register and pay such tax, were

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fatally defective in substance, and too uncertain to be sustained, since, when an offense can be committed by only certain classes of persons, the indictment must allege that accused is in one of those classes.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 144–150; Dec. Dig. ⬨47.]

Thelma Woods, W. Thompson, George Smith, William Ross, Fred Wayne, and E. White were indicted for offenses. On demurrers to the indictments. Demurrers sustained, and defendants discharged.

B. K. Wheeler, U. S. Atty., of Butte, Mont., Homer G. Murphy, Asst. U. S. Atty., of Helena, Mont., and Frank Woody, Asst. U. S. Atty., of Missoula, Mont.

Lester H. Loble, J. H. Brass, Park Smith, Geo. W. Padbury, Jr., G. G. Wilson, and Earle F. Angell, all of Helena, Mont., for defendants.

BOURQUIN, District Judge. Mutatis mutandis, the indictments charge that defendants "did willfully, knowingly, unlawfully, and feloniously have in her possession and under her control * * * smoking opium * * * not having theretofore registered with the collector of internal revenue * * * as required under the provisions of the act of Congress of December 17, 1914, and not having theretofore paid the special tax provided for by said mentioned act." General demurrers are interposed.

Of the act referred to in the indictment (Acts 63d Cong. 3d Sess. c. 1), section 1 provides that "every person who produces, imports, manufactures, compounds, deals in, dispenses, sells, distributes, or gives away opium or coca leaves or any compound, manufacture, salt, derivative, or preparation thereof, shall register with the collector of internal revenue of the district his name or style, place of business, and place or places where such business is to be carried on," and on or before the 1st day of July annually thereafter shall pay a special tax; and also that it shall be unlawful "to produce, import, manufacture, compound, deal in, dispense, sell, distribute, or give away" any such drugs without having registered and paid the tax. Section 8 provides that it shall be unlawful for any person not registered under the act and who has not paid the tax to have in his possession any of the drugs, and also that possession of any of the drugs shall be presumptive evidence of violation of both sections 1 and 8. Section 9, read in connection with section 335 of the federal Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1152 [Comp. St. 1913, § 10509]), makes any violation of the act a felony. The act, whether of police or revenue, is of good purpose. What it will accomplish is another matter.

Any person convicted of its most trivial violation—the most law-abiding druggist or physician or like person in legitimate possession of the drugs, who inadvertently allows the annual tax to become delinquent for a day—though fined but $1, is made a felon and infamous! And this for a mere legal infraction, and not a true crime, is a consequence shockingly disproportionate to the offense, is antagonistic to sound criminal economics, and is abhorrent to justice. It goes without

saying that because thereof under such laws prosecutions halt and convictions fail in many cases, in effect is usurpation of the pardoning power, unequal administration of criminal law, and favored and disfavored classes of offenders; the inevitable result being resentment and prejudice against courts and government, law and order, and impairment of and danger to the general well-being of society. All these evils could and ought to be avoided by repeal of section 335 and its arbitrary stamp of felony and infamy upon so many petty violations of laws of the United States.

In the instant cases, aside from constitutional objections urged, but unnecessary to further note, defendants maintain (1) that mere consumers of the drug and in possession of same only for their own consumption are not by the act required to register and pay the tax, and (2) that the indictments do not show that defendants are of any of the classes by the act required to register and pay the tax. The prosecution contends contra the first proposition, and that in view of section 8 aforesaid there is no support in principle for the second.

[1] Having in mind that taxes can be imposed and statutory offenses created only by direct, clear, and apt language, it seems clear that there is nothing in the act imposing the duty of registration and payment of taxes upon mere consumers of the drugs. They are not within section 1, and section 8 does not purport to extend the registration and taxation features of the act to them, or to any one, but only to make unlawful mere possession of the drugs by any person of the classes by section 1 required to register and pay, and who have not, and to create a statutory rule of evidence.

[2] And this latter has misled the prosecution to believe that the essentials of the offense need not be set out in the indictments, but only this rule of evidence—the possession of the drugs, from which in some cases the offense may be inferred; that is, in the cases of those by section 1 required to register and pay the tax. Whenever an offense can be committed by only certain classes of persons, the indictment must expressly allege that accused is of those classes or it is fatally defective in substance; for lacking such allegation, all alleged may be true, and accused be innocent. Furthermore, lacking such allegation, the uncertainty of these indictments is such that defendants might be repeatedly tried on the like and be unable to plead former judgments in bar. Indeed, the prosecution states that, though they are duplicates in form and substance, some of these indictments are against mere consumers of the drug, and some against sellers or givers of it. Such "catch-all" forms have always been held bad.

The demurrers are sustained, the indictments dismissed, and defendants discharged.