# UNITED STATES OF AMERICA *v.* AH POI.

## November 12, 1915.

1. *Criminal law—Former conviction—Similarity of offenses:* A conviction in the District Court of Honolulu for the unlawful possession of opium under the Territorial statute, R. L. Hawaii, 1915, sec. 2075, is no bar to an indictment in this court for the receipt, purchase, sale, concealment, etc., of opium under the Federal statute, 35 Stat. 614, am. 38 Stat. 275.

2. *Same—Evidence—Burden of proof—Possession of opium:* This is true even though the Federal statute makes possession prima facie evidence of receipt, purchase, concealment, etc., of opium.

*Indictment:* Demurrer to plea of former conviction.

*Jeff McCarn,* U. S. District Attorney, for the United States.

*G. K. French* for defendant.

CLEMONS, J. The defendant is indicted for unlawfully receiving, buying, selling, transporting and concealing, and facilitating the purchase, sale, receipt, transportation and concealment of smoking opium and opium prepared for smoking—the charge following the language of the statute, as in *United States v. Fong Hing,* ante, p. 69; *United States v. Ah Foo,* 3 U. S. Dist. Ct. Haw. 487; *United States v. Leau Hung,* Id. 553.

[1] The defendant files a plea of former conviction, from which it appears that prior to the indictment he was duly sentenced by the District Court of Honolulu to pay a fine of twenty-five dollars and costs,—which sentence was duly satisfied,—on a prosecution based upon facts which are "identical [with the] facts upon which this indictment has been found and filed". In that prosecution the charge against the defendant was the unlawful possession of opium or preparations thereof, which was then a misdemeanor under Revised Laws of Hawaii, 1915, sec. 2075, amended by Act 143 of the Session Laws of Hawaii of 1915, making it an offense to "use or smoke opium or any preparation thereof, or to have the same in possession", though permitting an exception in cases of persons receiving medical treatment, etc., but under strict regulations of the board of health.

The present case is now for consideration on the government's demurrer, which, in substance, lays the grounds that it appears from the plea:

(1) That the offense now charged here is a different offense in law from the offense heretofore charged in the Territorial court;

(2) That the defendant has not hitherto been indicted, tried, convicted or acquitted, nor placed in jeopardy by the United·States, the sovereignty offended by the offense here charged;

(3) That the defendant in the same act has committed an offense against both the United States and the Territory of Hawaii.

The defendant relies upon the case of *United States v. Perez and Walsh,* 3 U. S. Dist. Ct. Haw. 295, and the case therein followed of *Grafton v. United States,* 206 U. S. 333. In the *Grafton* case the principle is established:

"That a person tried for an offense in a tribunal deriving its jurisdiction and authority from the United States and acquitted or convicted cannot be tried again for the same offense in another tribunal deriving its jurisdiction and authority from the United States." *United States v. Perez,* supra, 298.

In the case of *Perez and Walsh* the application of the rule announced in the *Grafton* case is clear, for the defendants there were "charged with adultery and plead(ed) in bar an acquittal in a Territorial court on the same charge and covering the same period." 3 U. S. Dist. Ct. Haw. 295.

But does the present indictment embrace "the same charge" as that made against the defendant in the District Court of Honolulu?

The question, "What constitute former jeopardy?" is, in the language of Mr. Bishop, "in its nature difficult and intricate". And, he continues, "it is rendered more so by much conflict in the decisions". 1 Bishop, New Crim. L., sec. 1012. See *Roberts v. State,* 14 Ga. 8, 58 Am. Dec. 528, 531; 17 A. & E. Enc. L., 2d ed., 597. A wide and thorough search of the authorities impresses me that many of them fail to give a convincing answer to this question. Indeed, it may be doubted if any authority has laid down a general rule which in practice will solve all cases. The majority opinion of Justice Hartwell, as well as the dissent of Chief Justice Frear, in the case of *Territory v. Schilling,* 17 Haw.

249, afford illuminating discussions of. the subject. Yet the division of that able court as to the application of the law only illustrates and emphasizes the difficulty.

The decision in *State v. Elder,* 65 Ind. 282, 32 Am. Rep. 69, 71-72 (affirmed in *State v. Gapen,* 47 N. E. 25), may be referred to as an able attempt to lay down clear-cut rules and tests. In that case, it is said by Judge Biddle:

"We believe the true rules deducible from both principle and authority to be,

1. When the facts constitute but one offense, though it may be susceptible of division into parts, as in larceny for stealing several articles of property at the same time, belonging to the same person, a prosecution to final judgment for stealing a part of the articles will be a bar to a subsequent prosecution for stealing any other part of the articles, stolen by the same act.

2. When the facts constitute two or more offenses, wherein the lesser offense is necessarily involved in the greater —as an assault is involved in an assault and battery with intent to commit a felony, and as a larceny is involved in a robbery—and when the facts necessary to convict on a second prosecution would necessarily have convicted on the first, then the first prosecution to a final judgment will be a bar to the second.

3. But when the same facts constitute two or more offenses, wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although the offenses were both committed at the same time and by the same act."

See also the case of *Roberts v. State,* 14 Ga. 8, 58 Am. Dec. 528, 531, wherein the court, citing other courts of high authority, says:

"Of the sufficiency of the plea of former acquittal or conviction, the following is said to be the true test, viz.: whenever the prisoner might have been convicted on the first indictment, by the evidence necessary to support the second; or in other words, where the evidence necessary

to support the second indictment would.have sustained the first".

This rule is regarded by 17 A. & E. Enc. L., 2d ed. 597, as of almost universal application. That authority states the test in this language: "Whether the facts required to support the second indictment would have been sufficient if proved to have procured a conviction under the first indict-.ment. If they would be, the offenses are identical." Id.

The rules given by Mr. Bishop and quoted in Rawle's edition of Bouvier's Law Dictionary are worthy of attention; seeming to cover the ground as well as any rules, unless perhaps it be those of Judge Biddle, supra:

"The constitutional guaranty is against two trials for the same offense, and the decisions as to what constitutes identity of offenses are not uniform. They are collected in 1 N. Cr. L. secs. 1048-69, by Mr. Bishop, who lays down the following rules as sustained by just principle: 'They are not the same when (1) the two indictments are so diverse as to preclude the same evidence from maintaining both; or when (2) the evidence to the first and that to the second relate to different transactions, whatever be the words of the respective allegations; or when (3) each indictment sets out an offense differing in all its elements from that in the other, though both relate to one transaction,—a proposition of which the exact limits are difficult to define; or when (4) some technical variance precludes a conviction on the first indictment, but does not appear on the second. On the other side, (5) the offences are the same whenever evidence adequate to the one indictment will equally sustain the other. Moreover (6) if the two indictments set out like offences and relate to one transaction, yet if one contain more of criminal charge than the other, but upon it there could be a conviction for what was embraced in the other, the offences, though of different names, are within our constitutional guaranty, the same.' The author considers the test to be, 'whether if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could, the second cannot be maintained; when there could not, it can be.' Id.

sec. 1052, and cases cited in notes." 2 Bouvier L. D. (Rawle's ed.) 5-6.

The oft-cited opinion of Justice Gray in *Morey v. Commonwealth,* 107 Mass. 432, affords a valuable discussion of former jeopardy. It holds:

"Although proof of one particular fact is necessary to a conviction under either of two statutes, yet, if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either is no bar to prosecution and punishment under the other" (syllabus; and see p. 434).

A broader, more liberal rule is possibly suggested in *State v. Cooper,* 1 Green, L. (N. J.) 361, 25 Am. Dec. 490, 492:

"A first inquiry . . . in this case will be, whether there is such identity in these offenses, that according to the rule laid down, and *the spirit which pervades the administration of criminal justice,* they shall be considered one for the purposes of this plea."

Since this opinion was drafted, defendant's counsel has called attention to the following noteworthy language in *Morgan v. Devine,* 237 U. S. 632, 641:

"As to the contention of double jeopardy upon which the petition of habeas corpus is rested in this case, this court has settled that the test of identity of offenses is whether the same evidence is *required* to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes. Without repeating the discussion, we need but refer to *Carter v. McClaughry,* 183 U. S. 365; *Burton v. United States,* 202 U. S. 344, 377, and the recent case of *Gavieres v. United States,* 220 U. S. 338."

The case here does not fall within the first class described by Judge Biddle in the *Elder* decision supra. Nor does it fall within the second class there described, viz., "when the facts constitute two or more offenses, wherein the lesser offence is necessarily involved in the greater;" for the charge here made, of having bought, sold, received, and concealed, and facilitated the purchase, sale, receipt,

and concealment of opium is not "necessarily" involved in the charge made in the Territorial court, of having possessed opium,—except, perhaps, as to the allegation of receiving, which will have special attention presently.

For the defendant might have either bought, sold, or concealed opium or facilitated the doing of any such act without having been in possession of that drug, or he might have possessed it without having done any of the other things just mentioned. However, as to the offense of "receiving", it is not so easy to say that the word "possession" is not broad enough to cover the idea of "receipt". In the criminal law in the case of receiving stolen goods, and in the common law in the case of the sale of goods, the word "receipt" implies a change of possession; that is, there cannot be receipt without a change of possession. See 34 Cyc. 517, and Brown, Stat. Frauds, 5th ed., sec. 317.

[1] [2] But though receipt and possession may be thus intimately connected, they are not the same. Receipt is merely the getting of possession. The Federal statute, though bent upon preventing all manner of traffic in opium, evidently intends to say that a man shall not be punished for mere possession (which is made only prima facie evidence of any of the specific offenses: section 2 of the Act), but shall be punished for attempting to get possession. The distinction may at first appear technical, even trivial, far-fetched, unreasonable; yet, of course, it is entirely reasonable that Congress should have regarded an attempt to get possession, an act which involves wilfulness, a positive disposition to disregard the law, as worthy of special inhibition, whereas not regarding mere possession, which does not necessarily involve receipt or even any degree of wilfulness whatever or anything more than mere passiveness, as being worthy of any other effect than to raise a prima facie case of purchase, sale, concealment, receipt, etc. And in any case of possession, if there be any degree of wilfulness it would seem to involve some one of these

offenses of purchase, concealment or receipt, or facilitating the purchase, etc.

At all events, in view of the use of the word "possession" in the same section as here in question, section 2 of the Act, it would seem that the words "possession" and "receipt" are different and not coextensive in meaning. At least so far as the offense of receiving is concerned, it would be vain to enact that proof of possession might be taken as equivalent to proof of receipt, if receipt and possession were regarded as actually and exactly the same thing. However, under the Territorial law wherein possession is itself alone made an offense, such possession must of course be wilful, i. e., with criminal responsibility. See Bl. Comm. 21; Kenny, Outlines of Crim. Law (Webb's Am. ed.), 45, et seq.

It would not be unreasonable to suppose that such a "possession" as raises a prima facie case under the Federal statute is any possession, no matter what the knowledge or intent—the purpose being merely to throw upon the defendant the burden of explaining any possession; while the "receipt" which is made an offense is something wilful.

It may be said, by the way, that it is apparent that possession by being made prima facie evidence of guilt of any or all of the various offenses enumerated in the statute, is not thereby made an offense (substantive law) as it is in the Territorial statute: in the Federal law the provision as to possesion is only a provision of procedure (adjective law). If possession were here made an offense, of course the Territorial proceeding would be a bar. See 2 Wig. Ev., sec. 1353, par. 1; *United States v. Yee Fing,* 222 Fed. 154, 155-156, and *United States v. Woods,* 224 Fed. 278, 279-280; *United States v. Wilson,* 225 Fed. 82, 84.

That the offenses here charged are different from that charged in the Territorial court, makes it unnecessary to consider any question arising from the fact that the former are felonies and the latter only a misdemeanor, under the

statutes above cited. See *State v. Campbell,* 32 Pac. 752 (Wash.) and *State v. Durbin,* 73 Pac. 373 (Wash). both cases, however, being governed by peculiar statutory provisions. See, also, *State v. Cooper,* 1 Green L. (N. J.) 361, 25 Am. Dec. 490, 494.

. It may be noted in passing that the evident object of the two statutes, Federal and Territorial, being the same, viz., the destruction of the opium traffic, there is no room for an argument against the plea, based on any difference of intent of the two statutes (see *State v. Gapen,* 43 N. E. (Ind.) 678, 679), although the Territorial statute is a part of a chapter of the Revised Laws of Hawaii, 1915, devoted to licenses and, in a way, to the raising of revenue, to-wit, by imposing a fee for license to sell poisonous drugs, c. 121, sec. 2071. The context indicates a clear legislative policy against the use and smoking of opium (Id. secs. 2072, 2075, as amended as above), though in general neither the language of the statute nor the means adopted to carry out its intent are nearly as forcible as in case of the Federal act.

The case appears to fall within the third class enumerated by Judge Biddle, q. v., supra, inasmuch as the alleged offenses of receiving, buying, selling concealing, or facilitating the receipt, purchase, sale, or concealment of opium, are not, any of them, "necessarily" involved in the broader Territorial offense of "possession". Mr .Bishop's third rule, q. v., supra, might also cover the case.

And so it may be, as it is by the government's demurrer, admitted "that the facts upon which the prosecution" in the Territorial court "was founded and upon which judgment was duly entered, . . . are the identical facts upon which this indictment has been found and filed" (plea, supra), but still the possession, of the Territorial law, and the receipt, purchase, etc., of the Federal law, are separate and distinct offenses.

In view of the foregoing considerations, let the demurrer to the plea in bar be sustained. It is so ordered.