## KIERSTEIN v. CUDAHY PACKING CO., and three other cases.

### Nos. 3592–3595.

District Court, M. D. Pennsylvania.

Dec. 24, 1934.

A. N. Lucks and R. L. Levy, both of Scranton, Pa., for plaintiffs.

Welles, Mumford & Stark, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

These are four similar actions in trespass to recover damages for sickness and disability resulting from pork infected with trichinæ shipped by the defendant company.

The statements of claim aver that the defendant, Cudahy Packing Company, engaged in the business of packing and preparing meat and food products for sale to and consumption by the public, caused to be shipped in interstate commerce "certain hogs and products thereof * * * to Scranton for the purpose of sale to the public, knowing that the said hogs and the products thereof would be used for human consumption"; that the said defendant sold parts of said hogs to one Hopkins, a retail grocer, which parts "were diseased * * * and unfit for human food. The said hogs being infected with a certain bacillus or germ known as trichinae"; that said Hopkins ground the said hog meat in a meat grinder and later sold to plaintiffs beef which was ground in the same grinder, which beef "came in contact with the said germs or bacillus which were in the said hog or hog meat and became infected with the said bacillus or germs known as trichinae"; and that as a result of eating the said infected beef, the plaintiffs became infected with the said trichinæ.

The defendant filed affidavits of defense raising two questions of law, to wit: First, that the statements of claim fail to set forth a negligent act or omission on the part of the defendant; secondly, that even if negligence can be inferred, the statements disclose that the plaintiffs' injuries were brought about by the independent and negligent act of an intervening agent, to wit, one Hopkins.

The only alleged act of negligence charged in the statements of claim is found in the sixth paragraphs thereof which, following the wording of the Federal Meat Inspection Act of March 4, 1907, 34 Stat. 1258, 1265, c. 2907, 21 USCA § 92, charge that the defendant caused to be shipped in interstate commerce certain hogs and products thereof, knowing that the said hogs and the products thereof would be used for human consumption. The seventh paragraphs aver that the meat so shipped was infected with trichinæ. The plaintiffs contend that these acts charged constitute a violation of the penal provisions of the above-mentioned Meat Inspection Act, and as a result of this violation, the defendant is guilty of actionable negligence. The section in question of the said act (21 USCA § 91) is as follows: "That the provisions of this Act requiring inspection to be made by the Secretary of Agriculture shall not apply to animals slaughtered by any farmer on the farm and sold and transported as interstate or foreign commerce, nor to retail butchers and retail dealers in meat and meat food products, supplying their customers: Provided, That if any person shall sell or offer for sale or transportation for interstate or foreign commerce any meat or meat food products which are diseased, unsound, unhealthful, unwholesome, or otherwise unfit for human food, knowing that such meat food products are intended for human consumption, he shall be guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding one thousand dollars or by imprisonment for a period of not exceeding one year, or by both such fine and imprisonment: Provided, also, That the Secre-

tary of Agriculture is authorized to maintain the inspection in this Act provided for at any slaughtering, meat canning, salting, packing, rendering, or similar establishment notwithstanding this exception, and that the persons operating the same may be retail butchers and retail dealers or farmers; and where the Secretary of Agriculture shall establish such inspection then the provisions of this Act shall apply notwithstanding this exception."

The above-quoted section of the act of 1907 is an exact re-enactment of the act of June 30, 1906 (34 Stat. 679), in the same language.

. The cases of United States v. Rohe & Bro. et al. (D. C.) 218 F. 182, 184, and United States v. Northwestern Fisheries Co. (D. C.) 224 F. 274, construe the penal . provision above referred to and hold that it does not apply to the entire Meat Inspection Act but applies .only to retailers and farmers whose products are not subject to inspection under the law. In United States v. Rohe & Bro., Judge Rudkin said: " * * * That act covers two classes of cases, the one where the establishments are inspected, and the other where they are not. Where the establishment is inspected, and subject to inspection, and the inspection laws are fully complied with, I do not think it was ever the intention of Congress to make a man a criminal, even though he had fully complied with the requirements of the Department of Agriculture. True, the statute imposes ·a penalty generally for shipping meat unfit for human food. But this is a proviso to that part of the statute exempting certain establishments or certain persons from the operation of the act, and is followed by another proviso limited to the same class." Upon reading the penal provision in connection with the entire section above quoted, we concur in that construction.

Since the averments of the statements of claim do not show that the defendant was a farmer or retail dealer in meat or food products, no violation of the Meat Inspection Act is shown, and consequently there is no negligence. The statement further does not aver that the meat was not inspected or that there was any · negligent act or omission in the preparation or inspection of the meat in question. Ketterer v. Armour & Co: (C. C. A.) 247 F. 921; L. R. A. 1918D, 798.

The disposition of the first question makes unnecessary a consideration of the second question raised by the affidavits of defense.

And now, December 24, 1934, the affidavit of defense raising questions of law is sustained, and judgment is directed to be entered for the defendant.