KIERSTEIN et al. v. CUDAHY PACKING CO. and three other cases.

Nos. 5792–5795.

Circuit Court of Appeals, Third Circuit.

Nov. 26, 1935.

R. L. Levy and A. M. Lucks, both of Scranton, Pa., for appellants.

Welles, Mumford, Stark & McGrath and Henry C. McGrath, all of Scranton, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

The decisive question in this case is whether 34 Stat. 1265, 21 U.S.C.A. §§ 91, 92, which read as follows, "That the provisions of this Act requiring inspection to be made by the Secretary of Agriculture

shall not apply to animals slaughtered by any farmer on the farm and sold and transported as interstate or foreign commerce, nor to retail butchers and retail dealers in meat and meat food products, supplying their customers: Provided, That if any person shall sell or offer for sale or transportation for interstate or foreign commerce any meat or meat food products which are diseased, unsound, unhealthful, unwholesome, or otherwise unfit for human food, knowing that such meat food products are intended for human consumption, he shall be guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding one thousand dollars or by imprisonment for a period of not exceeding one year, or by both such fine and imprisonment: Provided also, That the Secretary of Agriculture is authorized to maintain the inspection in this Act provided for at any slaughtering, meat-canning, salting, packing, rendering, or similar establishment notwithstanding this exception, and that the persons operating the same may be retail butchers and retail dealers or farmers; and where the Secretary of Agriculture shall establish such inspection then the provisions of this Act shall apply notwithstanding this exception," applies to a corporation whose product has been inspected and passed by the United States inspectors, or refers only or solely to "animals slaughtered by any farmer and sold and transported as interstate or foreign commerce" and to "retail butchers and retail dealers in meat and meat food products, supplying their customers."

The construction of this proviso was involved in cases reported in United States v. Rohe & Bro. (D.C.) 218 F. 182, and United States v. Northwestern Fisheries Co. (D.C.) 224 F. 274, and it was there held that this proviso was confined to farmers, butchers, and retail dealers, and does not apply to plants whose products were inspected and passed by the inspection officers. These cases arose in 1914 and 1915, and as the government took no steps to review them or question their rightness in other cases, we assume the government had adopted the view of these two cases and acted on it for the past twenty years.

The judge below followed such construction; consequently, he was in no error in holding, as he did, that "the affidavit of defense raising questions of law

...sustained and judgment is directed to be entered for the defendant," and such judgments are now affirmed by this court.