## UNITED STATES v. MENDELSOHN.
### No. 8698b.

District Court, D. New Jersey.
April 19, 1940.

John J. Quinn and Charles A. Stanziale, Asst. U. S. Atty., both of Trenton, N. J., for the Government.

Harold Simandl, of Newark, N. J., for defendant.

FORMAN, District Judge.

The defendant in this case was indicted for a violation of the Meat Inspection Law, 21 U.S.C.A. § 78. Specifically, he having a place of business in Newark, New Jersey, was charged with unlawfully transporting by automobile truck in interstate commerce via Holland Tunnel from Brooklyn, New York, on May 4, 1938 to his place of business in New Jersey forty pounds of pork sausage, and several other items of prepared meat products described in detail, which had not been inspected as required by the law above mentioned, and by the rules and regulations thereunder prescribed by the Secretary of Agriculture.

On January 15, 1940 defendant moved to quash the indictment on the ground that it did not sufficiently inform him of the nature and cause of the accusation, in that it failed to allege that he was not within an exception contained in the statute. Retail butchers and dealers are referred to in the exception, and it was conceded by government's counsel that the defendant was a retail butcher and dealer in meat and meat food products, although it was contended that the defendant had no certificate of exemption as such retail butcher or dealer. An oral argument ensued at the end of which the court expressed itself as being impressed with the contention of the defendant and that the indictment should be quashed, but that government's counsel should have an opportunity to submit a brief designed to establish error in the court's tentative holding. Such a memorandum was submitted and has been answered by the defendant.

In 1906 and 1907 a comprehensive system for the inspection of animals, meat and meat food products used in interstate or foreign commerce was enacted by Congress incorporated now in 21 U.S.C.A. § 71 et seq. Section 78 of which the defendant stands accused of violating is as follows: "No person, firm, or corporation shall transport or offer for transportation, and no carrier of interstate or foreign commerce shall transport or receive for transportation from one State or Territory or the District of Columbia to any other State or Territory or the District of Columbia, or to any place under the jurisdiction of the United States, or to any foreign country, any carcasses or parts thereof, meat, or meat food products thereof which have not been inspected, examined, and marked as 'Inspected and passed,' in accordance with the terms of sections 71 to 94, inclusive, of this title, and with the rules and regulations prescribed by the Secretary of Agriculture."

The exception which the defendant contends favors him is contained in section 91, as follows: "The provisions of sections 71 to 94, inclusive, of this title requiring inspection to be made by the Secretary of

Agriculture shall not apply to animals slaughtered by any farmer on the farm and sold and transported as interstate or foreign commerce, nor to retail butchers and retail dealers in meat and meat food products, supplying their customers. The Secretary of Agriculture is authorized to maintain the inspection in said sections provided for at any slaughtering, meat-canning, salting, packing, rendering, or similar establishment notwithstanding this exception, and that the persons operating the same may be retail butchers and retail dealers or farmers; and where the Secretary of Agriculture shall establish such inspection then the provisions of said sections shall apply notwithstanding this exception."

In answer to the written argument of government's counsel that it was not essential that the indictment in this case contain language negativing the exceptions created in section 91 defendant cites the following cases: United States v. Cook, 17 Wall. 168, 84 U.S. 168, 21 L.Ed. 538; United States v. Rohe & Bro. et al., D.C., 218 F. 182; United States v. Cudahy Packing Co., D.C., 243 F. 441; United States v. Northwestern Fisheries Co., D.C., 224 F. 274; United States v. Woods, D.C., 224 F. 278, and Kierstein v. Cudahy Packing Company, 3 Cir., 80 F.2d 518, and several other decisions offered by way of comparison.

In the case of United States v. Cook, supra, the Court undertook an elaborate study of the subject of pleading exemptions, and defendant called particular attention to the following excerpt: " * * * where the exception, though in a subsequent clause or section, or even in a subsequent statute, is nevertheless clothed in such language, and is so incorporated as an amendment with the words antecedently employed to define the offence, that it would be impossible to frame the actual statutory charge in the form of an indictment with accuracy, and the required certainty, without an allegation showing that the accused was not within the exception contained in the subsequent clause, section, or statute. Obviously such an exception must be pleaded, as otherwise the indictment would not present the actual statutory accusation, and would also be defective for the want of clearness and certainty". 17 Wall. 168, 175, 84 U.S. 168, 175, 21 L.Ed. 538.

A preceding paragraph of the same decision contains the following language: "Where a statute defining an offence contains an exception, in the enacting clause of the statute, which is so incorporated with the language defining the offence that the ingredients of the offence cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded upon the statute must allege enough to show that the accused is not within the exception, but if the language of the section defining the offence is so entirely separable from the exception that the ingredients constituting the offence may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter of defence and must be shown by the accused." 17 Wall. 168, 173, 84 U.S. 168, 173, 21 L.Ed. 538.

The Court at page 176 of 17 Wall., at page 176 of 84 U.S., 21 L.Ed. 538, sets at rest any doubts as to the meaning of the words "enacting clause" as follows: "Commentators and judges have sometimes been led into error by supposing that the words 'enacting clause,' as frequently employed, mean the section of the statute defining the offence, as contradistinguished from a subsequent section in the same statute, which is a misapprehension of the term, as the only real question in the case is whether the exception is so incorporated with the substance of the clause defining the offence as to constitute a material part of the description of the acts, omission, or other ingredients which constitute the offence. Such an offence must be accurately and clearly described, and if the exception is so incorporated with the clause describing the offence that it becomes in fact a part of the description, then it cannot be omitted in the pleading, but if it is not so incorporated with the clause defining the offence as to become a material part of the definition of the offence, then it is matter of defence and must be shown by the other party, though it be in the same section or even in the succeeding sentence".

I am not now persuaded that the indictment in the present case contravenes the doctrine enunciated as above.

In the case of United States v. Woods, supra, the Court dealt with sections 1 and 8 of the Narcotic Act, 26 U.S.C.A. Int.Rev. Code, § 2550 et seq. It held that an indictment charging a defendant with having possession of opium, who had not registered as required by law, and who had not theretofore paid the special tax provided by law but not alleging that the defendant was in

any of the classes required to register and pay such tax, was defective. See also United States v. Jin Fuey Moy, 241 U.S. 394, 36 S.Ct. 658, 60 L.Ed. 1061, Ann.Cas. 1917D, 854, but cf. Nigro v. United States, 276 U.S. 332, 48 S.Ct. 388, 72 L.Ed. 600. In that case the act itself provided that it shall be unlawful for any person not registered and who had not paid the tax thereunder to have in his possession any narcotic drug. Section 8. It specified that only certain classes of persons were required to register and pay the tax, and the Court held that a failure to allege the class in the indictment was fatal. In the case before us the violation is clearly set forth in section 78, and the exception is no vital part of the definition of the offence.

In the case of United States v. Northwestern Fisheries Co., supra, the court had under consideration provisions of the Meat Inspection law. The defendant was indicted for offering food products (lard) in interstate commerce that was unfit for human consumption. The product had been inspected, but the government rested on the following provision of the statute [224 F. 275]: "* * * Provided that if any person shall sell or offer for sale, or transport for interstate or foreign commerce any meat or food products which are diseased, unsound * * * or otherwise unfit for human consumption, knowing that such meat products are intended for human consumption, shall be guilty of a misdemeanor." (Formerly a provision in 21 U.S.C.A. 91; now 21 U.S.C.A. § 92.) This proviso followed the exemption to farmers and retailers, and the court held that it did not apply to the entire act and render liable as violators those who in good faith had obtained inspection of their products in accordance with the law. The above quoted proviso it was held applied only to the products of farmers and retailers whose products were not subject to inspection.

United States v. Rohe & Bro et al., supra, and Kierstein v. Cudahy Packing Co., supra, were both decided on a similar construction of the same proviso. No question was raised in these cases as to the inadequacy of the indictments, and in this respect they are irrelevant to the question before us.

The case of United States v. Cudahy Packing Co., supra, [243 F. 444] is cited by defendant as an example of an indictment wherein the pleader did negative the exemption by an allegation that the defendants were—"* * * not the holders of any unrevoked certificates of exemption, and were not farmers slaughtering cattle on the farm * * *." The practice followed in negativing the proviso in that case is not controlling.

The cases offered by way of comparison appear to be beside the point.

In the act before us each section except section 78 which defines the crime and section 91 which states the exemption has to do with the mechanics of inspection. The offence is completely defined in section 78, and the exception is in nowise intertwined therein.

In the case of McKelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301, the Supreme Court had before it a statute which made it an offence to obstruct free passage or transit over or through public lands, to which the following proviso was appended: "Provided, This section shall not be held to affect the right or title of persons, who have gone upon, improved or occupied said lands under the land laws of the United States, claiming title thereto, in good faith." 43 U.S.C.A. § 1063.

The indictment failed to show that the accused were not within the exception made in the proviso, and was challenged by demurrer. On this point the Court said: "This is not a valid ground. By repeated decisions it has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it. Schlemmer v. Buffalo, Rochester & Pittsburgh Ry. Co., 205 U.S. 1, 10, 27 S.Ct. 407, 51 L.Ed. 681; Javierre v. Central Altagracia, 217 U.S. 502, 508, 30 S.Ct. 598, 54 L.Ed. 859, and cases cited." 260 U.S. 353, 357, 43 S.Ct. 132, 134, 67 L.Ed. 301.

In the case before us the elements of the offence as defined in section 78 are fully set forth in the indictment. If the defendant comes within the subsequent exemption contained in section 91, his remedy is not by way of a motion to quash the indictment, but it is incumbent upon him to set up his defence and establish it.

While the government has conceded that the defendant was a retail meat dealer, a question is raised as to whether he was so

engaged as to come within that clause of section 91 which refers to such dealers as "supplying their customers". Since there are no stipulated facts or testimony before the court, decisions on this and other questions raised will be deferred until the evidence is adduced upon which such rulings may be factually founded.

The tentative decision to quash the indictment will be vacated and the motion will be dismissed.